# Freed *versus* Richey.

A., by an agreement in writing, contracted to sell a lot of land to B., for the consideration of $2,100, and the conveyance of a house and lot by B. to C. and D., for which C. verbally promised to pay A. the sum of $1,100. B. conveyed the house and lot as agreed, but C. refused to pay A. the purchase money. In an action in assumpsit by A. against C., to recover the said purchase money, *Held, (a)* that the verbal agreement of C. to pay A. said purchase money was not within the Statute of Frauds and Perjuries. *(b)* That the execution and delivery of the deed by B. were consideration sufficient to support the assumption on part of C. to pay A. the said purchase money.

February 2d, 1887. Before MERCUR, C. J., GORDON, PAXSON, STERRETT, GREEN and CLARK, JJ. TRUNKEY, J., absent.

ERROR to the Court of Common Pleas of *Fayette county :* Of January Term, 1887, No. 219.

Assumpsit by Robert Freed against John Richey to recover the purchase money, $1,100, of a house and lot, which the defendant verbally promised to pay the plaintiff.

On the trial before INGHRAM, P. J., the following facts appeared: About the year 1877, Robert Freed agreed to sell about twenty acres of land to Joseph Richey for the sum of $3,500. Joseph Richey went into possession, but subsequently surrendered it, being unable to pay for the same.

John Richey, the brother of Joseph Richey, endeavored to secure a purchaser. On March 15th, 1878, Robert Freed entered into a written agreement with Jacob J. Slonecker, contracting to sell said lot of land to him for the consideration of $2,100 in cash, and the conveyance of a house and lot to John Richey and Joseph Richey for which, as Freed testified,

John Richey, who was present at the execution of said agreement, verbally promised to pay him the sum of $1,100, to be secured by his note payable one year from date. Subsequently, Freed executed and delivered a deed for said twenty acres to Slonecker, and he executed and delivered a deed for said house and lot to John Richey and Joseph Richey. Freed thereupon requested John Richey to give him his note for $1,100, payable in one year, as he had promised. This he refused to do, alleging, and he so testified, that the deed was to be made to him alone, and that the title which Slonecker sought to convey was not a marketable title, and that, upon his refusal to recover the deed, it was given to Joseph Richey's wife. The plaintiff thereupon brought this suit to recover said purchase money.

The plaintiff presented the following point for charge:

The plaintiff asks the court to charge the jury that, under the uncontradicted evidence of plaintiff, the verdict, if the jury believe that evidence, must be for the plaintiff, for $1,672. Answer: refused.

The defendant presented the following point for charge:

The defendant respectfully requests the court to charge the jury that, under all the evidence, the plaintiff is not entitled to recover. Answer: affirmed.

The court instructed the jury as follows:

Under the view we take of the law in this case the plaintiff is not entitled to recover, and your verdict must be for the defendant.

Verdict for the plaintiff, and judgment thereon. Whereupon the defendant took this writ, assigning for error the answer of the court to the points of the plaintiff and of the defendant and the charge of the court.

*Edward Campbell (John Collins* with him), for plaintiff in error.—In the case of Baum *v.* Tompkin, 16 Pitts. Leg. Jour., 200, this court has decided that the delivery of a deed is of itself sufficient to form a consideration for a promise to pay the consideration money. Mr. Justice CLARK, delivering the opinion of the court, says:

The first count in the declaration is founded on an indebtedness apart from the mortgage; it is for the purchase money of the land which, it is now alleged, the defendant, at the delivery of the deed and of the mortgage, expressly agreed and personally bound himself to pay. The execution and delivery of the deed, operating as a merger and extinguishment of the original articles, was certainly a sufficient consideration for such a promise, if any was made, and it is not requisite that the engagement should be in writing: Tripp *v.* Bishop,

[Freed v. Richey.]

56 Pa. St., 424. The demands of the Statute of Frauds were fully satisfied in the delivery of the deed; and a contemporaneous verbal promise to pay the purchase money would be founded in sufficient consideration, and would be enforcible in law either in assumpsit or debt. The acknowledgment in the body of the deed, and in the appended receipt, were, as between the parties, *prima facie* evidence only of payment. It was competent for the plaintiff to show, as against these, that a portion of the purchase money in fact remained unpaid: Hamilton *v.* McGuire, 3 Serg. & R., 355; Redfield Manufacturing Co. *v.* Dysart, 62 Pa. St., 62.

*S. L. Mestrezat* (*Charles E. Boyle* with him), for defendant in error.—An action of assumpsit for purchase money due on a parol contract for the sale of real estate cannot be maintained: Wilson *v.* Clark, 1 W. & S., 554; Ellet *v.* Paxson, 2 Id., 418; Meason *v.* Kaine, 63 Pa. St., 335; Thompson *v.* Sheplar, 72 Id., 165.

The defendant in error alleges that he had a right to a clear and indisputable title. That such is the law in Pennsylvania is settled by numerous decisions: Colwell *v.* Hamilton, 10 Watts., 413; Speakman *v.* Forepaugh, 44 Pa. St. R., 363; Swayne *v.* Lyon, 67 Id., 436.

Mr. Justice GORDON delivered the opinion of the court, March 14th, 1887.

We cannot understand why, in this case, the court below gave binding instructions to the jury to find for the defendant. The evidence, had it been submitted, warranted, as we think, a verdict for the plaintiff. By this we mean that, had there been such a submission, and a verdict for the plaintiff, the evidence would have justified the court in refusing a new trial.

By articles of agreement dated March 15th, 1878, Freed, the plaintiff, agreed to sell to Jacob J. Slonecker twenty acres of land in Bullskin township, Fayette county, in consideration of which Slonecker agreed to pay Freed $2,100 in cash, and to convey to John and Jacob Richey a house and lot which he claimed to own in the village of Pennsville. The evidence on part of the plaintiff further shows that, in consideration of the conveyance as above stated, John Richey agreed to pay to the plaintiff $1,100, to be secured by his note at one year. This deed, according to Slonecker's testimony, was duly executed and delivered, as directed by the said John Richey, so that nothing remained to be done to fully complete the contract between the parties but the payment of the $1,100, the purchase money of the house and lot, payable to Freed. This

[Redstone Coke Co. *v.* Roby.]

then is the plaintiff's case, and we are at a loss to know why it should not have been submitted to the jury.

We cannot agree with the counsel for the defendant that the contract was within the Statute of Frauds and Perjuries, for the entire transaction, except that part of it which related to the payment of the purchase money of the said house and lot, was reduced to writing. As to this, we held in Tripp *v.* Bishop, 56 Pa., 424, and more recently in the case of Baum *v.* Tompkin, that the Statute does not require an agreement for purchase money to be in writing. As to the disposition of this purchase money, that it was to be paid to Freed can certainly not operate to defeat the plaintiff's action, for the execution and delivery of the deed were consideration sufficient to support the defendant's assumption to pay that money to the plaintiff. It is said, however, that Slonecker's title was good for nothing, hence the consideration for the promise failed. But this was met by the counter-allegation that Richey agreed to take what title Slonecker had, and to run the risk of its validity. Moreover, it was said that that was a matter with which Freed had nothing to do; that, at all events, he was to have his purchase money, and that Richey was to look to Slonecker for any damages resulting from a defect of title. Upon these matters we refrain from comment; they can only be determined by a jury, and we are not disposed by our opinion to anticipate or forestall the action of that body.

The judgment is reversed, and a new *venire* ordered.