# Philadelphia v. Stewart.

*Municipalities—Municipal contract—Bond—Protection of subcontractors and material men.*

A city has a right to require a municipal contractor to file a bond conditioned to secure the payment of all money which may become due for labor and materials furnished and supplied or performed in or about the work for which the contract was made. There is nothing ultra vires or contrary to public policy in such a condition.

Where a municipal contractor has given a bond to a city to secure laborers, subcontractors and material men, suit may be brought on the bond to the use of the persons for whose security it was given, although nothing may be actually due to the city.

*Municipal contracts—Bonds to secure material men—Affidavit of defense —Payment—Promissory note.*

In an action against a municipal contractor by a city to the use of a material man on a bond entered to secure laborers, subcontractors and material men, an affidavit of defense is insufficient which avers that the defendant executed and delivered a promissory note to the use plaintiff, without any averment that it was accepted as absolute payment. The averment that defendant is "advised by counsel and avers that as the said note was so given and accepted in payment" plaintiff is not legally entitled to judgment, is argumentative only, and falls short of the requirements.

Argued Jan. 25, 1900.   Appeal, No. 409, Jan. T., 1899, by defendant, George W. Stewart, from order of C. P. No. 4, Phila. Co., March T., 1899, No. 531, making absolute a rule for judgment for want of a sufficient affidavit of defense in case of City of Philadelphia to use of Thomas J. Rose Brick Manufacturing Co. v. George W. Stewart and the Equitable Trust Company.   Before McCollum, Mitchell, Fell, Brown and Mestrezat, JJ.   Affirmed.

Assumpsit on a bond.

From the record it appeared that George W. Stewart entered into a contract with the city of Philadelphia to erect a school building.   He gave a bond to secure laborers, subcontractors and material men.   In this bond the city was named as the obligee, and the Equitable Trust Company was the surety.   The Thomas J. Rose Brick Manufacturing Company furnished materials for

| | |
|---|---|
| 195 | 309 |
| f195 | 315 |
| 195 | 309 |
| 198 | 425 |
| 195 | 309 |
| 203 | 1641 |
| 203 | 1643 |
| 203 | 1645 |
| 19 SC | 3 79 |
| 195 | 309 |
| 206 | 1334 |
| 195 | 309 |
| 24 SC | 1344 |
| 195 | 309 |
| 211 | 363 |
| 195 | 309 |
| e214 | 2 92 |
| 214 | 2593 |
| 195 | 309 |
| 39SC3163 | |

the use of the school building. The condition of the bond is quoted in the opinion of the Supreme Court.

George W. Stewart filed an affidavit of defense in which he averred:

That the suit is brought upon a bond executed by the defendant as set forth in the said statement. I was compelled to give said bond before I was permitted by the board of education of the city of Philadelphia to proceed with the work under my contract with the city for the erection of the schoolhouse at the northeast corner of Sixteenth and Cayuga streets.

Said bond was executed and delivered by me to the city of Philadelphia not voluntarily, but because of the refusal of the board of education, under the ordinance of March 30, 1896, set forth in said statement, to permit me to do the work under said contract until I gave that bond. I am advised by counsel and aver that the said ordinance is ultra vires, and that all proceedings thereunder, including the bond given by me and my codefendants in this case, are null and void.

I further aver that in part payment for the work and materials furnished by the use plaintiffs to the said building, and for the value of which claim is herein made, I executed and delivered to Thomas J. Rose, who indorsed it, to the said plaintiffs a promissory note for $1,600, upon which suit was brought in court of common pleas, No. 4, December term, 1898, No. 275, and judgment recovered December 30, 1898, for $1,633.74, and I am advised by counsel and aver that as the said note was so given and accepted in payment on account of the debt due by me to said plaintiffs, which is the basis of the claim herein, said plaintiffs are not legally entitled herein to judgment therefor.

That plaintiffs have brought suit and obtained a judgment against deponent for the balance of their claim herein, said suit being in this court to September term, 1898, No. 764, in which suit was brought for the book account, a copy of which is contained in the statement of claim in this case and credit given for the amount of the note hereinbefore referred to, and judgment obtained for the balance. And deponent is advised by counsel, believes and respectfully submits to the court, that plaintiffs cannot have two personal judgments for the same debt.

All of which I will prove upon a trial of the cause.

The court made absolute a rule for judgment for want of a

sufficient affidavit of defense. ARNOLD, P. J., filing the opinion of the court.

*Error assigned* was the order of the court.

*Alexander Simpson,* of *Simpson & Brown,* with him *Ira J. Williams,* for appellants.—The ordinance of March 30, 1896, is ultra vires and void: City of Phila. to the use of Palermo v. Madden, 8 Pa. Dist. Repr. 532; City of Lancaster v. Frescoln, 192 Pa. 452; Lesley v. Kite, 192 Pa. 268; Wimer v. Worth Township, 104 Pa. 320; Com. v. Erie, etc., R. R. Co., 27 Pa. 339; Fire Co. v. Com., 75 Pa. 291; Kansas. City Pipe Co. v. Thompson, 120 Mo. 218; Breen v. Kelly, 45 Minn. 352; Parker v. Jeffery, 26 Oregon, 186; Merchants, etc., Nat. Bank v. New York, 97 N. Y. 355; Faurote v. State, 110 Ind. 463; Baker v. Bryan, 64 Iowa, 561; Ihrig v. Scott, 5 Wash. 584; Parkinson v. Alexander, 37 Kan. 110; Norristown v. Norristown, etc., Railway Co., 148 Pa. 87; P. & R. R. R. Co. v. Ervin, 89 Pa. 71; P. & R. R. R. Co. v. Boyer, 97 Pa. 92; Earley's App., 103 Pa. 273; Geist's App., 104 Pa. 351; Philadelphia's App., 86 Pa. 179.

The form of the action excludes the right of recovery: Freeman v. Penna. R. Co., 173 Pa. 274; Mississippi, etc., R. R. Co. v. Southern R. R. Assn., 8 Phila. 107; Blymire v. Boistle, 6 Watts, 182; Guaranty, etc., Co. v. Powell, 150 Pa. 18; Montgomery v. Cook, 6 Watts, 238; Com. v. Philadelphia, 193 Pa. 236; McKinney v. Mehaffey, 7 W. & S. 276; Memphis, etc., R. R. Co. v. Wilcox, 48 Pa. 161.

The bond sued on requires the city to see to the distribution of the fund to be paid, and is against public policy for that reason.

The judgment is erroneous aside from the nullity of the ordinance.

There is no question that the note could be accepted in payment, so as to extinguish part of the original indebtedness, leaving in place thereof only the liability on the note: Briggs v. Holmes, 118 Pa. 287; Holmes v. Briggs, 131 Pa. 233.

*Horace M. Rumsey* and *James Alcorn,* assistant city solicitor, with them *John L. Kinsey,* city solicitor, and *Samuel P. Tull,*

for appellee.—Objection that suit was improperly brought in
the name of the city to use is not well taken: Stephenson v.
Monmouth, etc., Mfg. Co., 84 Fed. Repr. 114; Knapp v. Swa-
ney, 56 Mich. 346; Baker v. Bryan, 64 Iowa, 561; St. Louis
to use of Glencoe, etc., Cement Co. v. Von Phul, 133 Mo. 561;
Freeman v. Penna. R. Co., 173 Pa. 275.

The receipt of the note was collateral, and only a conditional
payment: McIntyre v. Kennedy, 29 Pa. 448; Riddlesburg, etc.,
Coal Co.'s App., 114 Pa. 58; Kilpatrick v. Home, etc., Assn.,
119 Pa. 30; Mehan v. Thompson, 71 Me. 492; Hunter v. Moul,
98 Pa. 15.

The ordinance is not ultra vires: Com. v. Walton, 182 Pa.
376; Knapp v. Swaney, 56 Michigan, 346; Baker v. Bryan, 64
Iowa, 561; City of St. Louis to use of Glencoe Lime & Ce-
ment Co. v. Von Phul, 133 Missouri, 365; Merchants, etc.,
Nat. Bank v. Mayor, 97 N. Y. 355; Mechanics, etc., Nat. Bank
v. Winant, 123 N. Y. 265; Doll v. Crume, 41 Neb. 655; Ly-
man v. City of Lincoln, 38 Neb. 794; Sample v. Hale, 34
Neb. 220; Baker v. Bryan, 64 Iowa, 561; Shamp v. Meyer, 20
Neb. 223; Parker v. Jeffery, 26 Oregon, 186; Townsend v.
Long, 77 Pa. 143; Kountz v. Holthouse, 85 Pa. 235; Justice
v. Tallman, 86 Pa. 147; Merriman v. Moore, 90 Pa. 81; Wynn
v. Wood, 97 Pa. 220; White v. Thielens, 106 Pa. 174; Hos-
tetter v. Hollinger, 117 Pa. 611.

OPINION BY MR. JUSTICE MITCHELL, April 9, 1900:

The appellant voluntarily executed a bond as part of his con-
tract with the city for certain work for which he was a bidder,
and he now seeks to evade the express obligation of the bond
upon the ground that the condition was ultra vires upon the
part of the city to exact. For such a defense to prevail the
legal want of power in the city ought to be shown beyond ques-
tion. In the present case the defense is as bare of legal as it is
of moral merit.

Under the provisions of a general ordinance, the bond in
suit was given by the contractor and his surety conditioned
" that if the said G. W. Stewart shall and will promptly pay
or cause to be paid to any and all persons, any and all sum or
sums of money which may be due for labor and materials fur-
nished and supplied or performed in and about the said work,

and shall and will comply with all the provisions of the ordinance of the select and common councils of the city of Philadelphia, entitled " An ordinance for the protection of subcontractors as well as for persons furnishing materials and labor for the construction of buildings for the county of Philadelphia, or for any other city work, approved the thirteenth day of March, A. D. 1896, then this obligation to be null and void, otherwise to be and remain in full force and virtue. " There is nothing ultra vires or contrary to public policy in this condition. It is the right as well as the interest of the city to secure good work upon its contracts for public improvements, and there is no better policy towards that end than to satisfy honest and competent workmen that they can rely on being paid. There being no right of mechanic's lien against public works, the work and material men are to that extent in the contractor's power as to pay, and that fact has a natural tendency to produce skimped work and inferior materials by the class of men willing to run that risk. Against this risk the city is entitled to protect itself by exacting assurance from the contractor that he will pay his honest debts incurred in doing the city's work.

Much reliance is placed by appellant on the decision in Lesley v. Kite, 192 Pa. 268, but that was a wholly different case. That was a bill in equity by subcontractors and other creditors for the appointment of a receiver to take the money in the hands of the city due to a contractor, and distribute it according to equity among the parties plaintiff and other creditors. The bill was founded on a section of the ordinance requiring the Director of Public Works to be furnished with satisfactory evidence. " that full compensation has been made for all labor due and materials furnished, previous to drawing warrant for final payment. " A demurrer to the bill was sustained and the essence of the decision is that the city cannot by ordinance establish a new lien, or remedy in the nature of attachment against money in its hands due the contractor. And the difference in the cases is very plain. In Lesley v. Kite the bill sought to take the settlement of the money due under a contract out of the hands of the contracting parties by a proceeding practically equivalent to an attachment, thus perhaps tying up at the suit of disputed claimants, the very money the contractor needs to

pay his admitted debts.   In the present case the contractor has been paid, and the city now is only seeking to compel him to perform the conditions upon which he obtained the contract.

Appellant also cites City of Lancaster v. Frescoln, 192 Pa. 452, but it has no applicability here.   That was an appeal by the surety of a contractor in an action by the city of Lancaster to the use of subcontractors or material men.   There was reference in the case to an ordinance requiring contractors to give additional bonds for the use of the work and material men, but no such bond was in fact given and no such condition was contained in the bond that was given.   It was declared that the surety could only be held to the condition of the bond it had executed, our Brother FELL saying, "In an action on a bond given under the general ordinance an entirely different question would be presented, but this bond was not given under that ordinance."

It is also argued by appellant that as no money is due the city this action cannot be maintained in its name and Com. v. Philadelphia, 193 Pa. 236 is cited for this position.   But in that case the commonwealth had no right of action at all, the cause of action declared on being money due the state hospital for the insane.   In the present case the action is on the bond, the city being the obligee and having as already said an interest to enforce the condition.   The city recovers on its legal title, though the money may ultimately go to the use plaintiffs.

The affidavit of defense as to part payment by a note given to the use plaintiff was not sufficient.   The circumstances are not set forth and the only positive averment is that "in part payment . . . . I executed and delivered a promissory note," etc.   The note even of a third party given under such circumstances is collateral security or at most conditional payment only: Holmes v. Briggs, 131 Pa. 233 ; Shepherd v. Busch, 154 Pa. 149 ; Collins v. Busch, 191 Pa. 549.   To make it payment absolute, there must be an express agreement by the creditor to receive it as such, the burden of proof of which is upon the debtor.   The affidavit that defendant is "advised by counsel and avers that as the said note was so given and accepted in payment" plaintiffs are not legally entitled to judgment, etc., is argumentative only, and falls short of the requirements.

Judgment affirmed.