## Sweeney, Appellant, v. Houston.

*Contracts—Action on a contract by a person not a party—Exceptions to rule—Demurrer.*

1. The rule of the common law that no one can maintain an action in his own name, upon a contract to which he was not a party, is subject to several exceptions which in Pennsylvania are as well settled as the rule itself. These exceptions include contracts where one person agrees with another to pay money to a third, or to deliver some valuable thing, and such third party is the only one interested in the payment or the delivery; or where the promise to pay the debt of a third person rests upon the fact that money or property is placed in the hands of the promissor for that purpose, or where one buys out the stock of a tradesman and undertakes to take the place, fill the contracts and pay the debts of the vendor. But when the promise is made to, and in relief of

one to whom the promise is made, upon a consideration moving from him, no particular fund or means of payment being placed in the hands of the promissor out of which the payment is to be made, there is no trust arising in the promissor and no title passing to the third person, and the right of action is in the original debtor alone.

2. In an action of assumpsit it appeared that the allegation upon which the plaintiff sought to recover was that the defendants, for a consideration passing to them from the estate of a decedent, promised to pay all the indebtedness of a firm in which the said estate had an interest and for the indebtedness of which it was liable. Attached to the statement of claim was a copy of a note of the said firm payable to the order of the plaintiff and the averment of the plaintiff was that as it was an obligation upon which the estate of the decedent was liable the defendants assumed its payment. There was no averment in the statement of claim that any assets had been placed in the hands of the defendants for the purpose of paying the indebtedness of the firm. *Held,* that the demurrer to the statement was properly sustained.

Argued November 4, 1913. Appeal, No. 248, Oct. T., 1913, by plaintiff, from judgment of C. P. Allegheny Co., July T., 1912, No. 2827, for defendants on demurrer to statement in case of Marcella C. Sweeney v. Samuel M. Houston and Andrew C. Houston. Before FELL, C. J., BROWN, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Assumpsit on a contract.

Plaintiff's statement was as follows:

Marcella C. Sweeney, of the City of Pittsburgh, plaintiff in the above-entitled case, brings this her action of assumpsit against Samuel M. Houston and Andrew C. Houston, defendants herein, upon a cause of action whereof the following is a statement:

That on or about the first day of July, 1906, the estate of Ross P. Houston, deceased, Thomas Sweeney and Frank George were indebted and liable, individually and as a partnership known as "Thomas Sweeney & Co.," to plaintiff on a note in the sum of Four Thousand ($4,000.00) Dollars, a true and correct copy of which

note is attached hereto and made part hereof, marked "Exhibit A," the same being given for money lent to said partnership.

That on or about said date, defendants herein purchased and took over the interest of said Ross P. Houston Estate in said partnership, and promised and agreed in consideration of the transfer of said interest to them, that they would assume and pay all indebtedness or liability of said Ross P. Houston or his estate on account of or arising from the partnership transactions of said "Thomas Sweeney & Co."

That defendants paid the interest on said indebtedness to July 1, 1910, but have failed and refused to pay any part of the principal debt or any interest thereon since said date.

Wherefore plaintiff brings this action to recover the said sum of Four Thousand ($4,000.00) Dollars with interest as aforesaid.

Attached to the statement was the following note:

"$4,000.00          PITTSBURG, PA., Jan. 2, 1905.

"On demand after date we promise to pay to the order of Marcella C. Sweeney Four Thousand ($4,000.00) Dollars at 4906 Cypress St., without defalcation, for value received.

"THOS. SWEENEY & CO."

"No. 1 Due"

Upon a demurrer to the statement the court entered a judgment sustaining the demurrer. Plaintiff appealed.

*Error assigned* was in sustaining the demurrer.

*Edward J. I. Gannon,* with him *McVicar, Hazlett & Gardner,* for appellant.

*W. H. Lemon,* with him *E. B. Strassburger,* for appellees.

OPINION BY MR. JUSTICE BROWN, January 5, 1914:

The judgment in favor of the defendants below was on their demurrer to the plaintiff's statement. While no one of the five grounds of demurrer expressly raises the fundamental question of the right of the plaintiff to sue on an alleged contract to which she was not a party, counsel on both sides argued this appeal upon the assumption that the demurrer did raise that question. In sustaining it the court below gave no reason for its action, and we are, therefore, unable to tell from the record why plaintiff's statement was deemed insufficient. We can only reiterate our repeated expressions of regret over such a record. If the court below had stated its reasons for sustaining the demurrer, they might have satisfied the appellant that an appeal would be useless.

The allegation upon which the plaintiff seeks to recover is that the defendants, for a consideration passing to them from the estate of Ross P. Houston, deceased, promised to pay all of the indebtedness of the firm of Thos. Sweeney & Co., in which partnership the said estate had an interest and for the indebtedness of which it was liable. Attached to the statement of claim is a copy of a note of the said firm, payable to the order of the plaintiff, and her averment is that, as it was an obligation upon which the estate of the said Ross P. Houston was liable, the defendants assumed its payment.

The statement is fairly open to the criticism of counsel for appellees that it is not as specific as it ought to be, but, assuming that it does sufficiently aver a promise by the defendants, for a valuable consideration, to pay a debt due by the firm of Thos. Sweeney & Co. to the plaintiff, has she a right to sue in her own name on that promise to another? As to this some of our decisions do not seem to be in entire harmony, but, upon a careful examination of all of them, the difference is more apparent than real, for the seeming conflict between them has arisen when a rule applicable to one state of facts has been invoked in a different one. That rule of the com-

VOL. CCXLIII—35

mon law is that no one can maintain an action in his own name upon a contract to which he was not a party. "This rule is well established in this country, and is recognized by both the state and federal courts.  There are, however, exceptions to the rule which, in this State, are as well settled as the rule itself.  For nearly three-quarters of a century, since the decision in Blymire v. Boistle, 6 Watts 182, the decisions of this court have uniformly recognized and enforced the exceptions whenever the facts of a case required it": Howes v. Scott, 224 Pa. 7.  These exceptions include contracts where one person agrees with another to pay money to a third, or to deliver some valuable thing, and such third party is the only one interested in the payment or the delivery; or where the promise to pay the debt of a third person rests upon the fact that money or property is placed in the hands of the promisor for that purpose, or where one buys out the stock of a tradesman and undertakes to take the place, fill the contracts and pay the debts of the vendor.  "These cases as well as the case of one who receives money or property on the promise to pay or deliver to a third person, are cases in which the third person, although not a party to the contract, may be fairly said to be a party to the consideration on which it rests.  In good conscience the title to the money or thing which is the consideration of the promise passes to the beneficiary, and the promisor is turned in effect into a trustee.  But when the promise is made to, and in relief of one to whom the promise is made, upon a consideration moving from him, no particular fund or means of payment being placed in the hands of the promisor out of which the payment is to be made, there is no trust arising in the promisor and no title passing to the third person.  The beneficiary is not the original creditor who is a stranger to the contract and the consideration, but the original debtor who is a party to both, and the right of action is in him alone": Adams v. Kuehn, 119 Pa. 76. In following what was thus said, we sustained a recov-

ery in Delp v. Brewing Co., 123 Pa. 42, because Delp, the defendant below, "by the very terms of the agreement, held the property and effects of Bingham & Spencer for the benefit of such of their creditors as had just claims contracted in the course of their business; he assumed the payment of these debts, and the property was put into his hands for this express purpose." No such cause of action appears in this statement. Nothing is set forth in it except an alleged promise by the defendants to pay an existing indebtedness of the firm of Thos. Sweeney & Co., without any averment that any assets were placed in their hands for that purpose, and the promise being but for the protection of the promisee, the right of action to enforce it or to recover damages for the defendants' failure to perform is in the promisee alone. This has been the undeviating rule from Blymire v. Boistle, 6 Watts 182, down through all the succeeding cases.

Judgment affirmed.