## Gill's Estate.

*Contracts—Sale—Covenant of indemnity—Personal liability—Parol evidence—Act of June 12, 1878, P. L. 205.*

1. Where a sale is made subject to a specified indebtedness, ordinarily this operates only as a covenant of indemnity to the grantor.

2. If the parties so intend, however, it will be held to create a personal liability to the holder of the encumbrance, even though the grantor was not himself personally liable for the debt.

3. Such intention may be established by parol evidence.

4. In a dispute between those who are not parties to a written instrument, it is not necessary, in order to show their real intention, to either aver or prove anything was omitted from the writing by fraud, accident or mistake.

5. The Act of June 12, 1878, P. L. 205, does not apply to sales of personal property.

*Evidence—Witness—Attorney-at-law—Party dead.*

6. An attorney-at-law who drew a written agreement, but is not interested in the case, is a competent witness though one of the parties thereto has died.

*Statute of limitations—Agreement under seal—Presumption of payment—Practice, Orphans' Court.*

7. The statute of limitations does not apply to an agreement under seal; liabilities created thereby continue in force until the presumption of payment arises.

8. It is too late to claim the benefit of the statute of limitations on exceptions to an adjudication in the orphans' court.

Argued October 11, 1920. Appeal, No. 38, Oct. T., 1920, by Benjamin N. McCormick, claimant, from decree of O. C. Allegheny Co., June T., 1919, No. 80, dismissing exceptions to adjudication in Estate of George A. Gill. Before BROWN, C. J., FRAZER, WALLING, SIMPSON and KEPHART, JJ. Reversed.

Exceptions to adjudication. Before TRIMBLE, J.

The opinion of the Supreme Court states the facts.

The court dismissed the exceptions. Benjamin N. McCormick, claimant, appealed.

*Errors assigned* were decree dismissing exceptions, and striking out evidence mentioned in the opinion of the Supreme Court.

*H. C. Lowe,* with him *Saul Schein,* for appellant.—Benjamin N. McCormick, appellant, is entitled to recover the amount of $1,150, with interest, from the George A. Gill estate: Burke v. Gummey, 49 Pa. 518; Kirker v. Wylie, 207 Pa. 511; Moore's App., 88 Pa. 450; Merriman v. Moore, 90 Pa. 78; Blymire v. Boistle, 6 Watts 182; Howes v. Scott, 224 Pa. 7; Sweeney v. Houston, 243 Pa. 542; First M. E. Ch. v. Isenberg, 246 Pa. 221.

*Joseph N. Huston,* for appellee.—A conveyance of land "under and subject" to the payment of an encumbrance created by the grantor, constitutes only as between themselves a covenant of indemnity to grantor on part of grantee: May's Est., 218 Pa. 64; Burke v. Gummey, 49 Pa. 518; Woodward's App., 38 Pa. 322; Moore's App., 88 Pa. 450; Kirker v. Wylie, 207 Pa. 511.

OPINION BY MR. JUSTICE SIMPSON, December 31, 1920:

By an agreement under seal made by testator with one Albert J. Johnston, an exchange of stock was effected, the shares transferred to testator being therein expressed as "subject, however, to an indebtedness of $1,150, with nine months' interest thereon, to Benjamin N. McCormick," the appellant here, to whom Johnston had pledged it as collateral security for this debt. From time to time testator made excuses for not at once paying the amount due and died without having done so, whereupon, upon the audit of the account of his executor, appellant presented a claim therefor, which the auditing judge allowed; but, upon exceptions filed, the court in banc disallowed it; whereupon the present appeal was taken.

At the audit counsel who drew the agreement, and is a subscribing witness to it, testified it was intended thereby that testator should assume and pay the indebtedness due to appellant, and appellee frankly concedes that if this is so it "creates a general personal liability as against" decedent. The court below finds that "The testimony of counsel for the parties when the contract was signed......clearly shows that Gill [the decedent] was to pay his indebtedness; but upon motion of appellee ordered the evidence in regard thereto to be stricken out because 'to admit it would violate the rule which prevents the alteration of a contract by parol testimony in the absence of fraud, accident or mistake'"; and this order is assigned as error.

It is clear from a long line of cases, that while such an agreement is ordinarily only a covenant of indemnity to the grantor, yet, if the parties so intend, it will create a personal liability by the grantee to the holder of the encumbrance, even though the grantor was not personally liable for the debt (as here he was), and if necessary recovery may be had in the name of the vendor to the use of the encumbrancer (Moore's App., 88 Pa. 450; Merriman v. Moore, 90 Pa. 78; Blood v. Crew Levick

Co., 171 Pa. 328); the evidence need not affirmatively show that the amount of the encumbrance was deducted from the purchase price (Metzgar and Gernert's App., 71 Pa. 330); and the liability may be established by parol evidence (Baum v. Tonkin, 110 Pa. 569; Freed v. Richey, 115 Pa. 361); which is admissible in a dispute between those not parties to the instrument, without averment or proof of omission by fraud, accident or mistake: Com. v. Contner, 21 Pa. 266; Simon v. Emery, 254 Pa. 569.

In Merriman v. Moore, supra, it is said the creditor may show "the alienee had taken upon himself......a personal obligation to pay" the debt, and the evidence thereof "may consist of stipulations in the deed, of written articles outside its terms, or of a verbal contemporaneous agreement between the parties. And the fact of such an undertaking may be implied from circumstances attending and connected with the conveyance." No authority contradicts or qualifies this conclusion; on the contrary it is borne out by the others hereinbefore cited. It is true most of the cases arose on sales of realty, but no principle has been called to our attention, and we know of none, why it does not include sales of personalty also, and it was so applied, and a suit successfully maintained by the holder of the encumbrance, in Dingeldein v. Third Avenue R. R. Co., 37 N. Y. 575. It is true also that the Act of June 12, 1878, P. L. 205, has in some respects worked an important change in the law on this subject, and this may have misled the court below; but since it is expressly limited to transactions arising on sales of real estate, it cannot affect the present controversy.

Two other questions are raised by appellee: (1st) Whether or not the attorney who testified to the parol agreement was a competent witness in view of Gill's death? This is answered by Irwin v. Allen, 1 P. & W. 444, and Sargeant v. National Life Ins. Co., 189 Pa. 341, which held that he was. (2d) Whether the claim was

not barred by the statute of limitations? In addition to the fact that the agreement is under seal, and hence as to it the statute does not apply (Moss's App., 43 Pa. 23; Ake & Feay's App., 74 Pa. 116), the record does not show this point was raised at the audit. The objection then made related solely to the construction of the agreement. The alleged bar of the statute seems to have been first suggested on the filing of exceptions to the adjudication. It was then too late: Rickett's App., 21 W. N. C. 229; Barclay v. Barclay, 206 Pa. 307.

The conclusions stated compel a reversal of the judgment but since the record does not disclose whether or not appellant has received dividends on the pledged stock, or other payments on account of the indebtedness, we will remit it with a procedendo in order that, if desired, evidence may be produced on this point.

The decree of the court below is reversed and the record remitted with a procedendo; the costs of this appeal to be paid by appellee.