## Washington Steel Form Co., Appellant, v. North City Trust Co.

Argued May 10, 1932. Before FRAZER, C. J., SIMPSON, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Bertram P. Rambo,* with him *Robert Mair, Wayne P. Rambo* and *Ormond Rambo,* for appellant.—It is well settled law in Pennsylvania that a donee beneficiary is one to whom the promisee is not obligated and that he has an absolute right of recovery against the promisor in an action at law. Especially is this true where the promisee puts in the hands of the promisor the means with which to fulfill the promise: Tasin v. Bastress, 284 Pa. 47; Heller v. Heller, 3 Pa. D. & C. 246.

*Thomas S. Lanard,* for appellee.—Washington Steel stood in the position of a person dealing with a subcontractor. It had no right of action against Arey Hauser: Southwark Motor Co. v. Cassell, 15 Pa. Superior Ct. 330; Moser v. Loeper, 8 Pa. D. & C. 651.

The defendant contends here as it did in the court below that the case which controls the question at bar is Greene Co. v. Surety Co., 292 Pa. 304.

Another reason given in the Greene Case above, which is also true in the instant case, is that the assignment being under seal, no right of action can accrue to anyone not a party to it.

OPINION BY MR. JUSTICE LINN, June 30, 1932:

Appellant sued defendant for breach of defendant's contract with Arey Hauser Company (herein called the builder) to which appellant was not a party. Defendant filed an affidavit raising questions of law; after hearing, the court entered judgment for defendant. Has plaintiff a cause of action?

The builder had a contract to erect a building and on November 28, 1930, made a subcontract with Ockman Haberman & Company (herein called subcontractor) to "furnish all materials, as and when needed, and fully construct, perform and in every respect complete the reënforcing, concrete fireproofing and cement work" required in the building. It provided that the subcontractor "will promptly begin said work as soon as it is notified by the [builder] that the ground is clear or that the structure is far enough advanced" to allow the beginning of the subcontractor's work. When it was commenced does not appear and is probably not important. It could not have been far advanced, even if begun, when the defendant wrote to the builder the letter hereinafter quoted.

On December 2, 1930, the subcontractor made a contract with plaintiff by which plaintiff agreed, in consideration of $28,200 to be paid to it at various periods specified in the contract, to furnish certain concrete-form work for the fireproofing, etc. It provided that "Shipment and deliveries under this contract shall at all times be subject to the approval of [plaintiff's] credit department and in case [plaintiff] shall have any doubt as to the contractor's responsibility, [plaintiff] may decline to make any shipments or perform any service hereunder except upon receipt of satisfactory security or for cash."

Defendant's letter to the builder, above referred to, is as follows: "Ockman, Haberman & Co., who have the subcontract for reënforcing, fireproofing and cement work on your Medical Tower Building job at 17th and Latimer Streets, desire to assign this contract with us as collateral security for a loan. Under this procedure, we would pay out all sums due by him on this work on his vouchers and we will receive all payments from you. Please advise us whether this will be satisfactory to you as you will be a party to the assignment." The letter is dated March 16, 1931, and has endorsed on it the ap-

proval of the subcontractor. The builder assented to it and in turn notified plaintiff thereof, and told plaintiff that future payments to it would be made by defendant, as provided in that letter, upon the terms stated and upon those only, and after plaintiff assented thereto, the builder agreed to pay to defendant, as specified in the letter, and ten days later the contemplated formal assignment (Exhibit C to the statement of claim) was executed by the subcontractor to defendant and the builder by writing endorsed on it, agreed to pay to defendant "all sums that become due [to the subcontractor] in the course of said contract" between the builder and subcontractor. It does not appear who drew the assignment but, judging from the previous letter, it was probably prepared by defendant against whom, therefore, any doubt regarding its meaning must be resolved: Coates et al v. Cotteral, 290 Pa. 237, 242, 138 A. 756. The assignment and the letter are, of course, to be construed together since the former was drawn to carry out the terms of the letter. Thus considering them, it is clear that defendant agrees that if the builder will pay to it the amounts the subcontractor would otherwise have received, defendant, out of money so received, will pay the subcontractors the amounts they were entitled to receive from the subcontractor under their contracts with it. While the exact purpose of the arrangement was not stated, it is obvious that it was because the contractor lacked the necessary funds to carry out his contract with the builder. By this arrangement, plaintiff would be certain to receive the amounts payable to it by the subcontractor and would not need to exercise its right under the clause above quoted "to decline to make any shipments or perform any service [under its contract] except upon receipt of satisfactory security or for cash." This was likewise of importance to the builder, since the certainty of payment it gave to the subcontractors tended to secure prompt and faithful performance by them, and hence would probably result

in a timely fulfilment of the builder's contract with the owner: see Phila. v. Stewart, 195 Pa. 309, 313, 45 A. 1056. Both plaintiff and defendant acted on the arrangement, for it is averred that plaintiff proceeded with and completed its contract, and defendant, on vouchers drawn by the subcontractor for the April and May payments, paid directly to the plaintiff $7,073.18 and $6,-248.40 respectively. It refused to pay to plaintiff the balance due, although the subcontractor gave the defendant vouchers for the balance and though the builder paid to the defendant the amounts payable to the subcontractor out of which defendant could and should have paid plaintiff the amount due.

In such circumstances it is clear that plaintiff has a cause of action. The learned court below was of opinion (citing Greene County v. Southern Surety Company, 292 Pa. 304, 141 A. 27) that because the assignment was sealed by the assignor plaintiff could not maintain this suit. But plaintiff is not claiming under the sealed instrument. Plaintiff sues on defendant's promise to the builder to pay to plaintiff the sums that would become payable by the subcontractor to the plaintiff in consideration of which promise the builder agreed to and did assent to the assignment of the subcontractor's account and in fact paid to defendant. Defendant executed no document under seal.

Plaintiff was not a creditor of the builder. If, therefore, the builder, as a condition of assent to the assignment of the subcontractor's account, chose to require defendant to agree to make the payments in question to plaintiff, and defendant agreed, as plaintiff avers, defendant should be required to perform, because plaintiff is clearly within the class of cases permitting suit by the third party in his own name. In Greene County v. Southern Surety Company, 292 Pa. 304, 310, we said: "There are two types of cases commonly referred to as promises for the benefit of third persons: (1) promises where the promisee has no pecuniary interest in the

performance of the contract, his object in entering into it being for the benefit of third persons." See, also, Hostetter v. Hollinger, 117 Pa. 606, 611, 12 A. 741; Edmundson's Est., 259 Pa. 429, 435, 103 A. 277; McBride v. Western Pennsylvania Paper Co., 263 Pa. 345, 349, 106 A. 720. Corbin: The Law of Third Party Beneficiaries in Pa., 77 U. P. Law Rev., page 1; Am. Law Inst. Re-Statement, chapter 6, section 133.

The learned court below was also of opinion that, as the written assent of the builder at the foot of the assignment was silent concerning the promise now declared on, plaintiff could not recover because proof of its averment would change or add to the written assent, and that such proof could not be offered in the absence of averment that it was omitted by fraud, accident or mistake. If that question were involved, it would have been wrong to enter final judgment for defendant because, conceivably, the omission might be amendable, and, in such circumstances, the court should always afford plaintiff opportunity to amend: Rhodes v. Terheyden, 272 Pa. 397, 116 A. 364; O'Rourke v. Washington, 304 Pa. 78, 80, 155 A. 100; Greene County v. Center Township, 305 Pa. 79, 86, 157 A. 777. But plaintiff's case does not involve variation of that assent. Plaintiff proposes to show what defendant promised to do, which is something not stated in the assignment, or in the assent to it, neither instrument being executed by defendant. We need not inquire whether the assent, as distinguished from mere notice of the equitable assignment, was required to impose liability on the builder (see Hazleton Co. v. Improvement Co., 143 Pa. 573, 582, 22 A. 906), but we note that in neither has defendant agreed in writing to do anything. Plaintiff sues on a promise by defendant to the builder, not on Exhibit C (the assignment and assent). To show what defendant promised is not varying Exhibit C in which defendant made no promises. "Nothing is better settled than that the consideration of an agreement may be proved aliunde

by parol if necessary, and even shown to be different from that expressed": Holmes's App., 79 Pa. 279, 289; see, too, Gill's Est., 268 Pa. 500, 112 A. 80 and cases cited at page 503, on which we said, parol evidence "is admissible in a dispute between those not parties to the instrument, without averment or proof of omission by fraud, accident or mistake......"

The statement would seem to set forth the familiar transaction in which one who has received money for the payment of a debt to another, is held liable to the party to whom payment was to be made at the suit of such party in his own name: Stoudt v. Hine, 45 Pa. 30; Townsend v. Long, 77 Pa. 143; Adams v. Kuehn, 119 Pa. 76, 85; Sweeney v. Houston, 243 Pa. 542, 546, 90 A. 347; Fehlinger v. Wood, 134 Pa. 517, 524, 19 A. 746.

The judgment is reversed and record remitted for further proceedings.