Strawbridge & Clothier *v.* Garment Manufacturers, Inc. (et al., Appellant).

Argued December 8, 1958. Before RHODES, P.J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Jon Grossman,* with him *David N. Rosen,* and *Rosen & Grossman,* for appellant.

*Simon Pearl,* with him *Sklar and Pearl,* for appellee.

OPINION BY GUNTHER, J., March 18, 1959:

Plaintiff, Strawbridge & Clothier, brought an action in assumpsit against defendants, Garment Manufacturers, Inc. and Sol Sardinsky as a third party beneficiary of a certain agreement. On November 2, 1956, Ralph Tudesco became indebted to plaintiff in the amount of $2,573.06 for goods sold and delivered. He was then the owner of all the capital stock of Garment Manufacturers, Inc. Appellant, Sol Sardinsky, acting as a representative for certain purchasers undisclosed entered into a written agreement with Tudesco to purchase all of Tudesco's shares of stock of Garment Manufacturers, Inc., for $30,000.00 cash and a $20,000.00 note, on the agreement that the Corporation will remain "primarily liable" for certain obligations, including that of plaintiff. These obligations were itemized on a schedule attached to the agreement. Thereafter, on February 20, 1957, the claim of the plaintiff remaining unpaid, the duly authorized counsel for the defendants reaffirmed the agreement in a letter and stated in a letter that the claim of the plaintiff "is going to be taken care of shortly." Subsequently, this action was brought and, after trial, the jury rendered a verdict in favor of the plaintiff against Sol Sardinsky alone in the amount of $2,943.50.

Both plaintiff and Sardinsky moved for judgment n.o.v. and, in addition, defendant, Sardinsky moved for a new trial. Plaintiff's motion for judgment n.o.v. against Garment Manufacturers, Inc., was granted providing a remittitur be filed so as to reduce the judgment to $2,750.00. Sardinsky's motions were denied. Plaintiff filed a remittitur, and Sardinsky alone took the present appeal.

The only question raised on this appeal is whether under the agreement entered on November 2, 1956, Sardinsky became personally liable to the plaintiff.

During the negotiations for the sale of the stock and the preparation of the agreement between Tudesco and Sardinsky, plaintiff introduced testimony to the effect that Sardinsky at first refused to honor the claim of the plaintiff which was incurred by Tudesco individually for the purchase of certain items of furnishings and furniture for the corporation's use. During this discussion, Tudesco stated to Sardinsky that "if you don't want this bill, leave the furniture out and everything I bought from Strawbridge & Clothier, and I'll honor it. I'll take the furniture and everything that belongs to me that you don't want that I bought from Strawbridge & Clothier, and I will honor the bill." After further discussions, Sardinsky stated: "All right, we'll take the furniture and honor the bill. Put it down." He further stated: "When I sign something I'll honor it." As a result of this understanding, plaintiff's account was included in the agreement. This testimony was supported by Tudesco's attorney who stated that Mr. Tudesco offered to take the items which he bought from plaintiff in the event Sardinsky would refuse to assume the debt.

The agreement was signed by appellant as "Representative for the Purchasers." Who the purchasers were was not revealed to the seller. The agreement was also signed by Tudesco individually and as president of Garment Manufacturers, Inc. In paragraph 9 of said agreement it was specified that the purchaser shall cause the corporation (Garment Manufacturers, Inc.) to assume all obligations appearing on the separate schedule and which did not appear on the books of the corporation, totaling $348,100.00. This paragraph further provided that "the seller agrees to fur-

nish purchaser and Garment with a release of all claims against Garment." This release was in fact furnished later but had nothing to do with plaintiff's claim. This issue was specifically placed before the jury as a special finding and the jury so found.

Appellant frankly concedes that he stood in the position of an agent for undisclosed principals with the legal consequences of assuming liability for those undertakings which his principals would have undertaken, had he made a disclosure. On this proposition, there can be little doubt: *Pennsylvania Co. for Insurances on Lives and Granting Annuities et al. v. Clark,* 340 Pa. 433, 18 A. 2d 807; *Pennsylvania Railroad Co. v. Rothstein et al.,* 116 Pa. Superior Ct. 156, 176 A. 861. His principal contention here is that the written agreement referred to in no respect bound him to personal liability for the Strawbridge & Clothier account but, if anything, bound the corporation whose stock he purchased. This contention is urged solely by the specific wording of the agreement. However, it overlooks two basic considerations, namely the rights of a third party beneficiary to a contract made in its behalf, and the right of such third party to show by parol, under such circumstances, the true intent of the contract.

The obligation due and owing to plaintiff was contracted by Ralph Tudesco as a personal obligation. Appellant, in purchasing all the outstanding shares of the defendant corporation, made specific allowance for assuming such obligation. Who benefited by such allowance? Defendant corporation did not benefit because the consideration ran to Tudesco personally and not to it. In effect, the defendant corporation assumed a debt only on the supposition that the furnishings and furniture represented by the debt remained as a corporate asset. Appellant, having received a credit for his principals on the promise for assuming this individual ob-

ligation, became liable to the party to whom the debt was due and owing at the suit of such party in his own name. *Washington Steel Form Co. v. North City Trust Co.*, 308 Pa. 351, 358, 162 A. 829; *Reading Company v. Sobelman*, 144 Pa. Superior Ct. 270, 19 A. 2d 754.

Appellant also urges that even if this be true, the agreement merely provided for the "assuming" the obligation and that this does not necessarily mean to pay. The word "assume" is defined in Webster's New International Dictionary (2nd ed.) "to take to or upon oneself; to take as one's own; to appropriate." Appellant, however, agreed "to honor" the obligation. The word "honor" is defined "to accept and pay when due, as to honor a draft."

The other contention advanced by appellant is that the terms of a written instrument cannot be altered or varied by parol evidence in the absence of fraud, accident or mistake. However that may be, under the facts as here presented, the third party beneficiary is not precluded from proving the circumstances surrounding such agreement as here present or of proving the entire contract between the parties. *Gill's Estate,* 268 Pa. 500, 112 A. 80; *Nether Providence Township Sewer District Assessment Case,* 148 Pa. Superior Ct. 7, 24 A. 2d 678.

Judgment is affirmed.