## Garrett v. Wagner

*Larry W. Wolf*, for plaintiffs.
*John Wills Beach*, for defendant.

SPICER, *P.J.*, March 8, 1979—Plaintiffs conveyed land to defendant by a deed setting forth a consideration of $2,000, and containing the usual provisions showing that payment had been made. Plaintiff, claiming that only $500 had actually been paid, brought suit for the balance.

Defendant raised objection at time of trial to testimony of plaintiffs on the basis both of the statute of frauds and of the parol evidence rule. The court overruled these objections and received testimony.

Plaintiffs originally purchased the land in ques-

tion from defendant. Defendant financed this purchase through an installment contract. Plaintiffs listed the property through a broker but difficulties arose because of defendant's refusal to allow any new purchasers to pay the balance owed him in the same fashion as plaintiffs. Thereupon, plaintiffs offered to resell the property to defendant. They said the agreed upon consideration was $2,000, which was calculated to recoup their investment in the property.

Defendant, on the other hand, maintained that the price was $500, and that $2,000 was placed on the deed for transfer tax purposes.

The court, in a non-jury trial, entered a verdict in favor of plaintiffs for $1,500. Post-trial motions are now before us for disposal.

All parties agree that the recited consideration has not, in fact, been paid. Defendant still maintains, however, that plaintiffs should not have been allowed to have said it was not paid.

Since there already has been a conveyance and this is a suit for the purchase money recited in the deed, the statute of frauds is not applicable. See, e.g., Freed v. Richey, 115 Pa. 361, 8 Atl. 626 (1887). Furthermore, the parol evidence rule does not prevent testimony that the purchase price has not been paid. The receipt contained in the deed creates only a presumption of payment which can be rebutted by parol evidence. See Eshelman's Estate, 143 Pa. 24, 21 Atl. 905 (1891).

Therefore, the attached order will be entered.

## ORDER

And now, March 8, 1979, defendant's post-trial motions are denied. Plaintiffs are authorized to enter judgment on the verdict entered.