## Provance v. Insurance Company of North America

*Fred J. Sentner,* for plaintiff.
*William J. Begley,* for defendant.

TERPUTAC, *J.,* August 6, 1984—On July 20, 1980, plaintiff, Michele Provance (hereinafter Provance), a resident of Los Angeles County, California, was severely injured in a one-car accident in the City of Pittsburgh. On account of her injuries Provance was transported to Mercy Hospital of Pittsburgh, the additional defendant, where she was admitted and treated. Since at the time of the crash neither Provance nor the owner of the vehicle in which she was a passenger possessed automobile liability insurance, pursuant to §§106(d) and 108(b) of the Pennsylvania No-fault Motor Vehicle Insurance Act, the Act of July 19, 1974, P.L. 489, No. 176, Art. I, 40 P.S. §1009.101 et seq. Provance executed an assignment of benefits form to Mercy

Hospital and applied for basic loss benefits with the assigned claims plan.

On August 12, 1980, the case was assigned to the Insurance Company of North America (hereinafter INA), the original defendant, but INA denied responsibility for plaintiff's claim and refused to pay the medical bill of $21,475.15 which Provance had incurred during her hospitalization. As a result of the assignment executed by Provance, Mercy Hospital instituted suit against INA in the Court of Common Pleas of Allegheny County at no. GD82-2511. Provance was joined as an additional defendant in that action. To settle the case, INA in December of 1982 agreed to pay Mercy Hospital the entire bill plus the interest which had accrued over the two-year period at the statutory rate of 18 percent per annum or $8,697.43.

While the hospital contends that it is entitled to the money because the interest is incidental to the debt assigned to it by Provance, plaintiff argues that the assignment only included "regular" charges rendered by the health care provider and that recovery of the interest on the unpaid benefits by the hospital would exceed the terms of the agreement as well as the provisions of the statute. By way of motions for summary judgment presented by counsel for both sides, the court now considers the proper disposition of the funds which have accumulated over the delinquent period.

Because this dispute between Mercy Hospital and plaintiff is a case of first impression, the court has made a thorough study of the pertinent sections of the no-fault act to ascertain the intent of the legislature. Specifically, §106(a)(2) provides that no-fault benefits are overdue if an insurance company does not make the payment within 30 days of the receipt of reasonable proof of the fact and amount of loss.

Additionally, overdue payments bear interest at the rate of 18 percent per annum. 40 P.S. 1009.106(a)(2). Baker v. Aetna Casualty and Surety Co., 309 Pa. Super. 81, 454 A.2d 1092 (1982). Regardless of the good faith of the insurer or reasonable cause for the delay, it is incumbent upon the insurance company to pay 18 percent interest on all overdue payments. Hayes v. Erie Insurance Exchange, 493 Pa. 150, 425 A.2d 419 (1981); Motley v. State Farm Mutual Automobile Insurance Company, 303 Pa. Super. 120, 449 A.2d 607 (1982).

At the crux of this case the court must determine whether the assignment executed by Provance on July 20, 1980, included the 18 percent interest due on the medical benefits withheld by INA. If the assignment was intended to include interest, is such an agreement permissible under the No-fault act? The court answers both questions in the negative.

The assignment in question provides as follows:

"AUTHORIZATION TO PAY INSURANCE BENEFITS: I hereby authorize payment directly to the above, namely; Mercy Hospital, *any benefits* payable to me but not to exceed their *regular charges* for this service." (Emphasis supplied).

In certain circumstances an assignment may carry with it the right to interest; however, the rights and remedies which pass as an incidence of assignment depend upon the intentions of the parties. C.J.S. Assignments §75-76. Though Mercy Hospital argues that 18 percent is the usual rate of interest charged on medical bills covered by no-fault, because the hospital prepared the document the court is constrained to construe any ambiguities against the institution. Washington Steel Form Co. v. North City Trust Co., 308 Pa. 351, 162 Atl. 829 (1932).

Pursuant to §407, the section of the statute addressing customary charges for treatment, since six

percent is the rate of interest normally charged by the hospital on overdue medical bills, there may be some basis for remitting that percentage to the hospital. (Additional defendant's answer to plaintiff's interrogatories no. 1). Interest is a standardized form of compensation to the injured party for the loss of use. In the absence of an agreement to the contrary, interest is payable without compounding at the "legal rate"[1] Restatement (Second) of Contracts §354 comment a (1981).[2]

However, an analysis of the applicable sections of the statute prohibit the health care provider from recovering any interest. Of course, assignments of this nature are authorized by §106(d)(2). The pertinent part of that section provides:

(d) Assignment of benefits. — An assignment of or an agreement to assign any right in accordance with this act for loss accruing in the future is *unenforceable* except as to benefits for:

• • •

(2) *allowable expense* to the extent the benefits are for the cost of *products, services, or accommodations provided or to be provided by the assignee.* (Emphasis supplied).

The words and phrases used in any legislation are to be construed "according to their common meaning and accepted usage," which technical words being given their technical meaning. 1 Pa. C.S. §1903(a).

---

1. Under Pennsylvania law the legal rate of interest is fixed at six percent by statute. "[R]eference in any document to an obligation to pay a sum of money 'with interest' without specification of the applicable rate shall be construed to refer to the rate of interest of six percent per annum." 41 P.S. §202.

2. This section of the restatement dealt with an injured party's right to interest as damages for the deprivation of a promised performance.

Fireman's Fund Insurance Company v. Nationwide Insurance Company, 317 Pa. Super. 497, 464 A.2d 431 (1983). The rather conspicuous absence of any language regarding interest limits an assignee's allowable expenses to products, services and accommodations. Consequently, even if the assignment had included interest, it is possible that under the statute that particular provision of the agreement would have been unenforceable. In § 103 the words "allowable expense" are defined as:

reasonable charges incurred for, or the reasonable value of . . . reasonably needed and used products, services and accomodations for:

(A) professional medical treatment and care;

(B) emergency health services;

(C) medical and vocational rehabilitation services;

• • •

A provider of services is precluded from contracting or providing a right of reimbursement beyond the "allowable expense" category. 40 P. S. § 1009-111(a)(3); Ludmer v. Erie Insurance Exchange, 295 Pa. Super. 404, 406, 441 A.2d 1295, 1296 (1982). In line with that reasoning the hospital is rightfully entitled to payment for the services it rendered in treating Provance, but not the interest which accrued on the delinquent payments.

To interpret a statute properly, the court must ascertain and effectuate the intent of the General Assembly and give full effect to each provision of the statute if at all possible. 1 Pa. C.S. § 1903(a), 1921(a), 1922(2,3). Fireman's Fund Insurance Company v. Nationwide Mutual Insurance Company, supra. The legislature's expressed purpose for adopting the No-fault act was to create a " 'low cost, comprehensive, and fair system' which uniformly would provide for 'maximum feasible restoration' of all victims of motor vehicle accidents." 40 P.S.

§1009.102(b). Tubner v. State Farm Mutual Automobile Insurance Company, 496 Pa. 215, 218, 436 A.2d 621, 622 (1981). Broadly stated, the goals of the legislature were to provide mandatory economic loss benefits available to all victims irrespective of fault and to encourage the prompt payment of medical benefits. Burton R. Laub, Pennsylvania Keystone No-fault §1 (1983). With these principles in mind the court is constrained to find an over-riding concern in the legislation for the care and payment of accident victims and their survivors.

In sum, the assignment drafted by Mercy Hospital and signed by Michele Provance on July 20, 1980, does not include the interest which accrued on the unpaid medical bills at the statutory rate of 18 percent per annum. Assuming arguendo, that interest at the rate of six percent could be recovered by the hospital as a regular or customary charge on unpaid bills, the statute prohibits the institution from taking any interest even if the assignment had included a provision on interest. Under the statute its recovery is limited to the cost of products, services and accomodations provided by Mercy Hospital to Provance during her period of hospitalization.

Having examined the record in light most favorable to the nonmoving party, the court grants the motion for summary judgment presented by plaintiff and denies the motion presented by defendant. Smiley v. Ohio Casualty Insurance Co., 309 Pa. Super. 247, 455 A.2d 142 (1983). Summary judgment should be granted only when the case is clear and free from doubt. Giannini v. Carden, 286 Pa. Super. 450, 429 A.2d 24 (1981). In these circumstances, because the pleadings show that there is no genuine issue as to any material fact, the moving party, Provance is entitled to judgment as a matter of law,

Pa. R.C.P. 1035(b). Smiley v. Ohio Casualty Insurance Co., supra.

## ORDER

And now, this August 6, 1984, the court, having examined the record and the applicable law, grants the motion for summary judgment ·presented by plaintiff, Michele Provance. The court hereby enters judgment in the amount of $8,697.43 plus any interest which has accrued on those funds in favor of Michele Provance. Accordingly, the motion for summary judgment presented by defendant, Mercy Hospital of Pittsburgh, is denied.