# William Galbraith *v.* Bridges & Williams, Appellants.

*Sheriff's interpleader—Lease—Evidence.*

On a sheriff's interpleader to determine the ownership of growing crops and corn in crib, the claimant of the property may show by parol evidence that a lease of the farm where the crops were growing, signed by the defendant in his own name, was really signed by defendant as agent for the claimant, and that the defendant had no interest in the property.

Argued April 30, 1895. Appeal, No. 164, Jan. T., 1895, by defendants, from judgment of C. P. Cumberland Co., Feb. T., 1893, No. 234, on verdict for plaintiff. Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Sheriff's interpleader to determine the ownership of certain grain in the ground and corn in the crib. Before SADLER, P. J.

At the trial, it appeared that defendants held a judgment against John Galbraith, and that on Dec. 13, 1892, they issued execution, and levied upon the tenant's share of the growing crop, and the corn in the crib on a farm which the plaintiff alleged was leased to him, and not to the defendant in the execution. The evidence showed that the lessee mentioned in the lease was John Galbraith. Parol testimony was offered which tended to show that although the lease was signed by John Galbraith, it was executed by him as agent of his son, William Galbraith; that the farm operations were all conducted by

William Galbraith, and that John Galbraith had no interest in the crops, and was nothing more than an employee of his son.

Defendants' points, among others, were as follows :

" 2. The court is respectfully requested to withdraw from the consideration of the jury the testimony of John Galbraith, there being no fraud, accident or mistake alleged in the procurement of the lease of 1890. Parol testimony is incompetent to effect the same, and the court is requested to withdraw the same. *Answer :* This is not a controversy between the parties to the lease, and we cannot hold, under the testimony in the case, that John Galbraith was the tenant and that he did not procure the lease as agent for his son. What the truth is you will have to determine. The plaintiff, in order to recover, must establish his right to do so by the preponderance of evidence, to wit: that the lease was made for William Galbraith and the one half of the crops levied upon were his. [13]

" 3. The court is respectfully asked to withdraw from the consideration of the jury the testimony of William Galbraith, in so far as it conflicts with said lease. *Answer :* This request is refused. The testimony of William Galbraith and of his father was that the lease was made for the former and the farming done by him, and the ownership of the tenant's share was in him and not in his father. You will determine what the truth is. If the lease was made and the farming operations conducted by or in behalf of John Galbraith, the plaintiff cannot recover; but if the preponderance of testimony is to the effect that the lease was made for William Galbraith by John Galbraith, as his agent, and that the farming was done by William Galbraith, the verdict may be properly rendered in his favor." [14]

" 5. Under the evidence in this case the verdict must be for the defendants. *Answer :* This point is refused. We leave it for you to determine, on the facts in the case, whether the plaintiff is entitled to recover or not." [16]

Verdict and judgment for plaintiff. Defendants appealed.

*Errors assigned,* among others, were (13, 14, 16) above instructions, quoting them.

*R. W. Woods,* for appellants.—Parol evidence to vary, add to

or subtract from a lease under seal, can only be given on the allegations of fraud, accident or mistake in the procurement of the same : Wodock v. Robinson, 148 Pa. 503.

The agency for an undisclosed principal in a sealed instrument cannot be proven by parol evidence : Horstman v. Fox, 2 W. N. C. 381 ; Bellas v. Hays, 5 S. & R. 427 ; Grove v. Hodges, 55 Pa. 504 ; Holt v. Martin, 51 Pa. 499 ; Quigley v. DeHaas, 82 Pa. 267 ; Seyfert v. Bean, 83 Pa. 450.

The authority of an agent cannot be proved by his declarations : Kaufman v. National Transit Co., 2 Mona. 36 ; McInnes v. Rittenhouse & Son, 1 Mona. 657.

The construction of a written lease is for the court, and it is incompetent to permit parol evidence to vary the same : Jones v. Kroll, 116 Pa. 85.

*J. M. Weakley, S. M. Leidich* and *M. C. Herman* with him, for appellee.

PER CURIAM, May 20, 1895 :

This is an issue under the sheriff's interpleader act. Certain goods were seized by the sheriff as the property of John Galbraith. His son William Galbraith claims to own them, and a question is thus raised between the defendants, who are the execution creditors of John, and William the claimant, as to the ownership of the property seized. There is no reason suggested why this question should not be settled in accordance with the actual fact. If the lessor was proceeding upon his lease, against the man who signed it as lessee, the questions raised by the appellant would require consideration ; but the lease establishes no relation between the parties to this issue. It is admissible as evidence bearing upon the question of ownership, but it is not conclusive ; and there is no fact appearing that could, by way of estoppel or otherwise, prevent the claimant from showing that the lease was in fact taken for him, and that the farm had been cultivated and the crops raised by him.

The assignments of error are not sustained and the judgment is affirmed.