## Simon & Sons, Appellant, v. Emery.

*Replevin—Lease—Terms of lease—Pledge—Third parties—Evidence—Parol evidence rule—Conflicting evidence.*

1. Third persons are not precluded from proving the truth, however contradictory to the written statements of others. Strangers to an agreement are not bound by it and may show that it does not disclose the very truth of the matter.

2. In an action of replevin to recover jewelry which had been pledged to defendant trust company as security for a loan, it appeared that plaintiffs had leased the jewelry to a contractor under a written agreement which did not authorize the pledge thereof and that such contractor subsequently pledged the jewelry to defendant. Defendant offered evidence to show that the leases did not contain the entire transaction between the plaintiffs and their pledgor and that the jewelry was delivered to the contractor by

plaintiffs with the express understanding that it was to be pledged by him as security for loans of money. The trial judge submitted the case to the jury which found a verdict for plaintiffs conditioned upon their payment to defendant the amount loaned by it upon the jewelry. *Held,* judgment was properly entered on the verdict.

Argued March 27, 1916. Appeal, No. 80, Jan. T., 1916, by plaintiffs, from judgment of C. P. No. 5, Philadelphia Co., March T., 1915, No. 321, on conditional verdict for plaintiffs in case of Abraham Simon and Nathan Simon, Copartners, trading as A. Simon & Sons, v. John W. Emery and Guarantee Trust and Safe Deposit Company, a corporation. Before BROWN, C. J., MESTREZAT, STEWART, FRAZER and WALLING, JJ. Affirmed.

Replevin to recover fourteen diamond rings and two pairs of diamond earrings. Before MARTIN, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiffs conditioned upon their paying to the Guarantee Trust and Safe Deposit Company $4,-941.25 and judgment thereon. Plaintiffs appealed.

*Errors assigned* were rulings on evidence, instructions to the jury and in refusing plaintiffs' motion for unconditional judgment n. o. v.

*Alex. Simpson, Jr.,* with him *Paul C. Hamlin, Albert L. Moise* and *A. J. & L. J. Bamberger,* for appellants.— There was no allegation or evidence whatever of any contemporaneous oral agreement inducing the execution of any writing by the plaintiffs and John W. Emery or of omission of any stipulation from the agreement through fraud, accident or mistake. Parol evidence to vary the agreement was therefore inadmissible: Irvin v. Irvin, 142 Pa. 271; Thomas v. Loose, 114 Pa. 35; Martin v. Berens, 67 Pa. 459; Kruger v. Nicola, 205 Pa. 38; Leuten Brick Co. v. Killen, 235 Pa. 144; Crelier v. Mackey, 243 Pa. 363; Ridgway Dynamo & Engine Co. v. Pennsylvania Cement Co., 221 Pa. 160.

Prior conversations at variance with the terms of the writings were merged in the written instruments: Union Storage Co. v. Speck, 194 Pa. 126; Hatfield v. Thomas Iron Co., 208 Pa. 478; American Home Savings Bank Co. v. Guardian Trust Co., 210 Pa. 320; Bethlehem Steel Co. v. Topliss, 249 Pa. 417.

Mere possession was not sufficient evidence of ownership: Miller Piano Co. v. Parker, 155 Pa. 208; Estey Co. v. Dick, 41 Pa. Superior Ct. 610.

There was no estoppel as against plaintiffs in favor of the trust company: Epley v. Witherow, 17 Leg. Intellg. 356; Helser v. McGrath, 52 Pa. 531; Griffith's App., 16 W. N. C. 249; McMahon v. Sloan, 12 Pa. 229; Hildeburn v. Nathans, 1 Philadelphia 567.

*Frank P. Prichard,* with him *Jesse S. Shepard* and *John G. Johnson,* for Guarantee Trust & Safe Deposit Co., appellee.—The court was right in allowing parol evidence to be introduced to show the real nature of the transaction: Galbraith v. Bridges & Williams, 168 Pa. 325; Curtin v. Peoples Natural Gas Co., 233 Pa. 397; Alexander v. Righter, 240 Pa. 22; Com. for Irvin v. Contner, 21 Pa. 266; James H. Link Machinery Co. v. Continental Trust Co., 227 Pa. 37; Sigua Iron Co. v. Greene, 88 Fed. Repr. 207; Clapp v. Huron County Banking Co., 50 Ohio 528 (35 N. E. Repr. 308).

OPINION BY MR. JUSTICE WALLING, July 1, 1916:

This is an action of replevin to recover fourteen diamond rings and two pairs of diamond earrings. In 1914 defendant, John W. Emery, was a contractor doing a large business and reputed to be a man of wealth, but being in need of funds to use in his business was advised by the cashier of a bank, not the Guarantee Trust and Safe Deposit Company, to buy diamonds on long credit and pledge them for a loan. For that purpose he obtained an introduction and recommendation to plaintiffs, who were engaged in the jewelry business; and on

June 2, 1914, obtained from them on inspection some loose unmounted diamonds, leaving a memorandum therefor. Those he shortly returned and on June 24th secured from plaintiffs seven diamond rings and one pair of diamond earrings, leaving a memorandum stating in effect that they were taken on inspection and approval and meantime to remain plaintiffs' property. On July 6, 1914, Mr. Emery executed to plaintiffs a long time lease for said jewelry providing for monthly payments of rent. Prior however to executing said lease he had pledged the diamonds to his codefendant, who received same in good faith, as security for a loan. Later, on August 4th of same year, Mr. Emery obtained from plaintiffs possession of another pair of diamond earrings and seven additional diamond rings, giving therefor a like memorandum, and later on August 26th, a lease therefor of like import with the former. Subsequently under similar circumstances he pledged the diamonds last mentioned to his codefendant for an additional loan. Emery failed and the two loans amounting at time of trial to $4,941.25, were not paid. The jewelry here involved is valued at about ten thousand dollars, and as rent therefor Mr. Emery made plaintiffs some small payments.

About February 1, 1915, plaintiffs learning that said jewelry had been pledged to the Guarantee Trust and Safe Deposit Company, and being unable otherwise to secure possession thereof, sued out this writ of replevin.

There is nothing in said memoranda or leases authorizing Emery to pledge the jewelry, but at the trial defendants were permitted to offer parol evidence tending to show that such instruments did not contain the entire transaction between Emery and the plaintiffs; and that as a matter of fact all of said diamonds were delivered to him by them with the express understanding that they were to be pledged by him as security for loans of money. This was all denied by plaintiffs and the evidence was very conflicting. The learned trial judge fairly submitted the case to the jury, with instructions that if they

found there was no such express understanding to render a verdict for plaintiffs, and if they found there was then to render a verdict for plaintiffs on condition that they pay the defendant company the amount loaned on the security of the diamonds, which conditional verdict was so rendered.  The jury also found that the transaction did not constitute a sale of the diamonds to Emery.

The real controversy in this case was not between the original parties but between plaintiffs and the said Guarantee Trust and Safe Deposit Company; and therefore the court below was right in admitting parol evidence as to the actual transaction, which a third party may do without reference to the rule limiting the admissibility of such evidence as between the original parties.  As to strangers such rule does not apply: Commonwealth for Irwin v. Coutner, 21 Pa. 266 (272) ; Galbraith v. Bridges & Williams, 168 Pa. 325.

"Third persons are not precluded from proving the truth, however contradictory to the written statements of others.  Strangers to the instrument, not having come into this agreement are not bound by it, and may show that it does not disclose the very truth of the matter": Sigua Iron Co. v. Greene, 88 Fed. Repr. 207 (p. 217).

If, as the jury found, plaintiffs delivered the diamonds to Emery that he might pledge them as security for loans, and he did so, then to reclaim the diamonds they must pay the loans.

The conditional verdict taken in this case was authorized by Section 6 of the Act of April 19, 1901, P. L. 88, which provides, inter alia, "If any party be found to have only a lien upon said goods and chattels, a conditional verdict may be entered, which the court shall enforce in accordance with equitable principles."

The affidavit of defense, while asserting that said jewelry was purchased from plaintiffs by Emery, does repeatedly aver that it was pledged by him to said Guarantee Trust and Safe Deposit Company with the knowl-

edge and consent of the plaintiffs; and in our opinion was sufficient to admit of that defense at the trial.

The assignments of error are overruled and the judgment is affirmed.