## Henderson, Appellant, *v.* Barnes.

*Husband and wife—Execution against husband—Claim of property by wife—Evidence—Sheriff's interpleader.*

On the trial of an issue in sheriff's interpleader proceedings growing out of an execution issued against a husband where the wife claims the property, the record of a judgment owned by the wife on which execution had been issued and the property purchased and afterwards sold to the wife is admissible in evidence where it is followed by proof that the husband thereafter conducted the business as agent for his wife.

Where the property purchased was the stock of a going business it was not necessary to show that the levy made under the second execution was upon the identical property sold to the wife under the first execution. If the goods levied upon were the result of her carrying on said business, or were manufactured or purchased

with the proceeds of sale of the property sold to the wife by the sheriff, or from other funds furnished by her, they were her property and not subject to execution for her husband's debts, and the record evidence offered by her was the first step in the necessary proof and support of her title.

*Practice, Superior Court—Assignments of error—Defective assignments.*

An assignment of error which is not in proper form because it includes several distinct points and answers and the points are improperly drawn will not be considered on appeal.

Argued October 5, 1920.     Appeal, No. 87, Oct. T., 1920, by Annie Henderson, claimant and plaintiff in interpleader proceedings from judgment of C. P. No. 3, Philadelphia County, Dec. 7, 1914, No. 4075, on verdict for defendant in the issue, Albert L. Barnes, trading as the Quaker Light Supply Company, who was plaintiff in the execution, v. Charles L. Henderson, trading as Columbia Gas Fixture Company.   Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ. Reversed.

Sheriff's interpleader to determine ownership of certain personal property.   Before DAVIS, J.

The facts are stated in the opinion of the Superior Court.

Verdict for defendant in the sum of $338 and judgment thereon.   Claimant appealed.

*Error assigned,* among others, was the refusal to admit in evidence the record of the judgment under which the claimant, Annie Henderson, issued execution and bought the stock and fixtures of Charles L. Henderson, trading as the Columbia Gas Fixture Company.

*Herman Muller,* for appellant.—The record of the former judgment and the sale thereunder was the first step in the necessary proof of the claimant's title and was admissible in evidence: Hilton v. Liebig Co., 59 Pa.

183, (1920).]    Arguments—Opinion of the Court.

Superior Ct. 460; Dunlap v. Bournonville, 26 Pa. 72; Galbraith v. Bridges & Williams, 168 Pa. 325; Shive v. Finn, 134 Pa. 158; Evans v. Scott, 89 Pa. 136; Renninger v. Spatz, 143 Pa. 524; Crawford v. Davis, 99 Pa. 576.

*E. W. Kirby,* of *Morris & Kirby,* for appellee.

OPINION BY KELLER, J., December 10, 1920:

This was an issue in sheriff's interpleader proceedings growing out of an execution issued on a judgment obtained by Albert L. Barnes against Charles L. Henderson, trading as Columbia Gas Fixture Company.

The goods levied upon were claimed by Annie Henderson, wife of the defendant in the execution and the issue was framed to try her title to them.

On the trial of the case the claimant and plaintiff in the issue offered in evidence the record of a judgment which she had obtained against her husband in the Court of Common Pleas No. 5 of Philadelphia County to March Term, 1914, No. 3953, for $3,476, the writ of fieri facias thereon showing the sheriff's levy, and his return that he had sold the goods levied on to H. G. Hart, attorney for Annie Henderson, on May 7, 1914, the sheriff's bill of sale of said goods to said H. G. Hart, attorney for the claimant, and the transfer thereon by said H. G. Hart of all his right, title and interest in said goods to the claimant. This in support of her contention that she had purchased bona fide at sheriff's sale in 1914—and more than two years before the levy under the Barnes judgment—all the goods formerly owned by her husband trading as Columbia Gas Fixture Company and that thereafter her husband had carried on the business for her as her manager under the name Columbia Gas Fixture Works or Columbia Manufacturing Company, and that the levy under the Barnes judgment had been made upon goods belonging to her as part of said business thus carried on by her.

The court below refused the offers because it was not proposed to prove that the goods levied upon under the Barnes judgment were the identical goods levied upon and sold to her by the sheriff under claimant's execution against her husband.

In our opinion the evidence offered was relevant and admissible. It formed an important, if not essential, part of the proof she had undertaken to produce.

The property she had purchased at sheriff's sale was the stock of a business which she thereafter carried on through the agency of her husband under a written power of attorney. The bank account thereafter was in her name, the trade name and business location were changed and it was on the goods contained in the new place of business carried on under the new trade name that the levy was made under the Barnes judgment against Charles L. Henderson on a debt contracted while he was in business for himself before the sheriff's sale to his wife.

As it was a going business it was not to be expected that the levy in 1916 was made upon the identical supplies sold Mrs. Henderson by the sheriff in 1914, but if they were the result of her carrying on said business, if they were manufactured or purchased with the proceeds of sale of the goods sold her by the sheriff or from other funds furnished by her, they were her property and not subject to execution for her husband's debts and the record evidence offered by her was the first step in the necessary proof in support of her title.

The first assignment of error as amended is sustained.

The second assignment is not in proper form because it includes several distinct points and answers and the points were improperly drawn. The belief of the jury as expressed in their verdict must always be based on the evidence in the case. The credibility of the witnesses was for the jury and therefore the plaintiff was not entitled to binding instructions.

As the case must go back for another trial, it is proper

183, (1920).]          Opinion of the Court.

to say, even though not assigned for error, that the witness Charles L. Henderson should have been permitted to explain the circumstances under which he signed the lease for the new premises, and the court below erred in excluding this testimony: Galbraith v. Bridges and Williams, 168 Pa. 325.

The judgment is reversed and a new trial is awarded.