## Roberts *v.* Cauffiel, Appellant.

## Boyer *v.* Cauffiel, Appellant.

*Practice, C. P.—Parties—Burden of proof—Evidence—Contract —When rules to vary written instruments do not apply.*

1. The evidential requirements in cases where it is sought to vary the terms of a written agreement, have no applicability when the pending suit is not between the parties to the agreement, or those claiming under or through them; under such circumstances the party having the burden of proof is required to sustain his contention only by a fair preponderance of the evidence.

*Constitutional law—Sales—Choses in action—Act of May 19, 1915, P. L. 543.*

2. Section 4 of the Sales Act of May 19, 1915, P. L. 543, is unconstitutional in so far as it refers to choses in action.

*Appeals—Statement of questions involved—Omissions in statement.*

3. An objection not expressed in or suggested by the statement of questions involved, need not be considered on appeal.

*Appeals—Rulings on evidence—General objection—Part of offer admissible—Evidence.*

4. An appellate court will not reverse because of the dismissal of a general objection to an offer of proof, if part of the offer was admissible.

*Principal and agent—Promise made by agent—Like promises by same agent—Evidence.*

5. In a suit against a principal, upon a promise made by his alleged agent, it is error to admit proof of like promises made by the agent to other parties.

*Appeals—Harmless error.*

6. An appellate court will not reverse if convinced that an error, of which complaint is made, did no harm to the party complaining.

Argued February 10, 1925. Appeals, Nos. 151 and 152, Jan. T., 1925, by defendant, from judgments of C. P. Blair Co., Jan. T., 1923, Nos. 165 and 166, on verdicts for plaintiffs, in cases of D. A. Boyer v. Joseph Cauffiel and C. W. Roberts v. Joseph Cauffiel. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit for moneys paid for shares of stock. Before BALDRIGE, P. J.

The opinion of the Supreme Court states the facts.

Verdict for C. W. Roberts for $2,940.54 and for D. A. Boyer for $10,251. Defendant appealed.

*Errors assigned* were various rulings and instructions, quoting record.

*John M. Freeman,* of *Watson & Freeman,* with him *A. Lloyd Adams, George E. Wolfe, Philip N. Shettig, John Woodcock* and *H. F. Stambaugh,* for appellants.—The alleged parol agreement, as shown by plaintiff's evidence, was not contemporaneous with the execution of any of the six written agreements, and was therefore not competent to vary, alter or contradict the same in the absence of evidence of its exclusion therefrom by reason of fraud, accident or mistake at the time of the execution: Gianni v. Russell & Co., 281 Pa. 320; Rearick v. Rearick, 15 Pa. 66; Cummins v. Hurlbutt, 92 Pa. 165; Lowry v. Roy, 238 Pa. 9; Ridgeway, etc., Co. v. Cement Co., 221 Pa. 160.

The court erred in charging the jury that plaintiff could recover on proof of a parol contract made as an inducement, without limiting the time of making such parol agreement to the time of the execution of the written agreement.

Under the parol inducement rule, a witness may not be asked whether the parol promise was the inducement or whether he relied upon the parol promise in signing the written contract, or whether he would not have signed the written contract if the parol promise had not been made: Spencer v. Colt Co., 89 Pa. 314; Juniata B. & L. Assn. v. Hetzel, 103 Pa. 507; Thomas & Sons v. Loose, 114 Pa. 35; Cullmans v. Lindsay, 114 Pa. 166; Weaver v. Cone, 174 Pa. 104; Bartley v. Phillips, 179 Pa. 175.

The court erred in admitting declarations of the agent Daugherty for the purpose of proving his authority as agent or the scope of his agency: Pepper v. Cairns, 133 Pa. 114; Bausbach v. Reiff, 237 Pa. 482; B. & O. Relief Assn. v. Post 122 Pa. 579.

*Frank P. Barnhart,* with him *B. F. Warfel,* for appellee.—The evidence was sufficient to show contemporaneous parol agreement induced execution of written one.

Agreement to repurchase was not within parol evidence rule: Richardson v. Gosser, 26 Pa. 335; Close v. Zell, 141 Pa. 390; Stafford v. Stafford, 27 Pa. 144; Parcell v. Grosser, 109 Pa. 617; Taylor v. Sattler, 179 Pa. 451; Bruch v. Shafer, 235 Pa. 590.

Evidence that plaintiff was induced to purchase the stock by defendant's promise to repurchase it was properly received: Com. v. Julius, 173 Pa. 322.

Declarations of agent were competent to corroborate other evidence of his authority: Jordon v. Stewart, 23 Pa. 244; Grim v. Bonnell, 78 Pa. 152; Lawall v. Groman, 180 Pa. 532; Fee v. Express Co., 38 Pa. Superior Ct. 83.

OPINION BY MR. JUSTICE SIMPSON, March 16, 1925:

Appellant, who was defendant below, was the fiscal agent of the Copper Tungsten Company, and otherwise interested in it. The jury have found that, personally and through his agents, he agreed with certain prospective applicants for the stock of his company, among them being the appellees in these two cases, that if they would subscribe for the stock, he would, if they subsequently became dissatisfied, repurchase it from them, paying for it the amount they had paid, with interest. Upon these terms, appellees subscribed to and paid for the stock; in due time they became dissatisfied with it, and requested defendant to repurchase it; he refused to do so, whereupon they sued and recovered the judgments, from which he prosecutes these two appeals.

In each case the trial judge charged the jury that plaintiff could recover only in the event that the facts above stated were proved to their satisfaction, by clear, precise and indubitable evidence. Appellant's principal contention is that this was error, because it did not take cognizance of the additional fact that the alleged promise was not only made at the time the stock was subscribed for, but on a number of occasions prior thereto. He claims that this excludes recovery, because, as he argues,

the rule which allows a party to show the collateral agreement which induced him to enter into a written contract, was "evolved to take care of a promise due to some emergency or new situation arising at the very time of the execution" of the writing, and hence, if it was not then made for the first time, parol evidence was inadmissible. His contention is, therefore, that if a party makes the same promise more than once, and the one to whom it is made, by reason of the constant repetition, relies on it to his hurt, this fact alone operates to defeat all claim against the promisor. The law is subject to no such reproach; of the several reasons antagonistic to this theory, it is necessary on this appeal to refer to but one, since it is alike fundamental and controlling.

The rule of evidence (one phase of which appellant here invokes) is that parties who have put their agreement into writing, and those claiming under or through them, will not be permitted to vary or defeat the writing, when its subject-matter is in controversy between them, save under the exceptional circumstances specified in the rule itself; but this rule, in the very nature of things, can have no relevancy where the suit is not between the two parties to the contract, or their privies; especially where, as here, there is no attempt to affect the writing in any way. At least as early as Com. v. Contner, 21 Pa. 266, 272, we said: "In no contest between the parties themselves could parol evidence have been given to vary the terms of the lease, or make the rent begin before its date, unless as a means of affording equitable relief against fraud, mistake or accident. But this is not a contest between the parties themselves, and the rule which excludes parol evidence does not apply to strangers." And at least as late as Simon v. Emery, 254 Pa. 569, 573, we said: "The real controversy in this case was not between the original parties [i. e., plaintiffs and Emery, though both of them were parties to that particular suit], but between plaintiffs and the said Guar-

antee Trust & Safe Deposit Company; and therefore the court below was right in admitting parol evidence of the actual transaction, which a third party may [produce] without reference to the rule limiting the admissibility of such evidence as between the original parties. As to strangers such rule does not apply: Com. v. Contner, 21 Pa. 266 (272) ; Galbraith v. Bridges & Williams, 168 Pa. 325." We have found no decision of ours, either before the date of the case first quoted, or after the date of the second, or between the two, which in any way qualifies the conclusion stated in them. Nor have we found antagonistic authorities in any other appellate court. We have, however, discovered many which sustain our view, a large number of them being cited in the footnotes to the text expressing the same conclusion, in 17 Cyc. 750, 10 R. C. L. 1020, and 22 C. J. 1292. It is made clear in all these authorities, that it is a matter of indifference whether or not the parol evidence is offered by one of the parties to the writing; unless both parties, or their privies, are the real contestants, the rule of evidence, now invoked by appellant, has no application. It follows that, in cases like the present, the party having the burden of showing that he expended his money on the faith of a collateral promise of the opposite party, is required to sustain his contention only by a fair preponderance of the evidence.

On these trials, appellant further claimed that no recovery could be had because of section 4 of the Sales Act of May 19, 1915, P. L. 543, which requires that "a contract to sell or a sale of any goods or choses in action of the value of $500 or upwards shall not be enforceable by action......unless some note or memorandum in writing of the contract or sale be signed by the party to be charged or his agent in that behalf." We held, however, in Guppy v. Moltrup, 281 Pa. 343, that so much of the clause as relates to "choses in action" (which, as

there stated, includes shares of corporate stock) is unconstitutional, because not specified in the title of the act.

What has been said disposes of all the points expressed in or suggested by the statements of the questions involved (beyond which we do not go: Furman v. Broscious, 268 Pa. 119), except the one which asks: "Did the court below err in admitting declarations of the agent to prove the agency and its scope?" This inquiry, we are told, relates to the overruling of defendant's objections to three separate offers of proof, made while his agent and two other witnesses were being examined by plaintiff. So far as concerns the offer in the case of the agent, part of it was to prove "that the defendant, Joseph Cauffiel, authorized the witness......to make the promises" which were the foundation of these suits. This part of the offer being good, we cannot reverse because of an objection to all of it: Murray v. Frick, 277 Pa. 190, 195. Another of these witnesses was permitted to testify to a similar promise made by the agent, to induce the witness,—but not these plaintiffs,—to subscribe for some of the stock. This was res inter alios acta, and the evidence should not have been admitted. The harm done, if any, was cured, however by the agent and the witness going to defendant, and having the matter confirmed by him personally.

In the case of the third witness, one Dr. Conrad, the same proof was erroneously permitted, and it was not cured by a later conversation between the witness and defendant. Nine other witnesses testified, however, circumstantially and in detail, to their personal knowledge that defendant authorized his agents to make the promises upon which these suits were brought. In reality the defendant alone contradicted them, although one other witness testified that, on a given occasion, probably after the promises were made to plaintiffs, defendant told the agents they must not "guarantee that stock or any other stock." The trial judge limited the

jury's consideration to the question of whether or not the agents had authority from defendant to make the particular promises upon which plaintiffs relied for their recovery. Plaintiffs, the agents, and the other witnesses who had heard the defendant personally give such authority, were mentioned by name in the charge, but neither Dr. Conrad nor his testimony was referred to in any way. It is clear, therefore, that the error was innocuous; under such circumstances we do not reverse: Shultz v. Seibel, 209 Pa. 27.

Each of the judgments of the court below is affirmed.