### RUSSELL v. HEINER, Collector of Internal Revenue.
### No. 6135.

District Court, W. D. Pennsylvania.
Nov. 21, 1930.

Smith, Shaw, McClay & Seifert, of Pittsburgh, Pa., for plaintiff.

Louis E. Graham, U. S. Atty., and John A. McCann, Sp. Atty., both of Pittsburgh, Pa., for defendant.

SCHOONMAKER, District Judge.

This is an action to recover income taxes alleged to have been illegally collected from the plaintiff. A jury trial was waived.

From the pleadings and proofs the court finds the following facts:

### Findings of Fact.

During the years 1924 to 1927, inclusive, the plaintiff was a partner in the firm of Russell Index Company, composed of himself, J. P. Russell, J. C. Russell, and R. A. Dodds. During the years stated he received from said partnership certain incomes attributable to the execution of certain contracts between the partnership and local authorities of certain counties in the states of Pennsylvania, New Jersey, and West Virginia. These contracts were all of a similar kind and character to that between the copartnership and the prothonotary of Allegheny county, Pa., a copy of which is attached to the plaintiff's statement of claim in this case.

By this contract, the Russell Index Company agreed to index, under the Russell system, the judgments and other matters required by law to be entered upon the judgment docket in the prothonotary's office for a period of five years, doing the work in accordance with various orders of court, in regard to the keeping of indices in the prothonotary's office and under the supervision and to the satisfaction of the prothonotary and of the index committee of the Bar Association of Allegheny county.

This contract was approved by the court of Allegheny county and also by the county commissioners, and provided for the payment of the contract price for doing the work by the county.

The amount of income tax during the years involved attributable to the plaintiff's share of income of the Russell Index Company arising from these various indexing contracts was $14,498.69; and the various sums aggregating this amount were paid by the plaintiff to the defendant, as collector of internal revenue for the Twenty-Third district of Pennsylvania, as follows: 1924, $3,609.72; 1925, $3,082.88; 1926, $3,761.75; and 1927, $4,044.34.

The plaintiff included in his income tax returns for these years, as a part of his taxable income, the several amounts earned by the Russell Index Company on the various indexing contracts during the tax years involved.

In the year 1928, the plaintiff and the Russell Index Company filed amended income tax returns for the years involved here, and omitted from gross income all sums received on the various indexing contracts on September 17, 1928, and filed a claim for refundment for the sums sued for in this action,

which claim was wholly rejected by the Commissioner of Internal Revenue.

### Conclusions of Law.

From these facts we conclude as a matter of law that the plaintiff is not entitled to recover, and that the defendant's motion for judgment in his favor must be granted. Let an order for judgment be submitted accordingly.

### Discussion.

There is no dispute in this case over the amount of the tax involved. The issue is solely one of the legal right of the defendant to collect the tax attributable to income derived by the Russell Index Company on its contracts with various counties in Pennsylvania, New Jersey, and West Virginia, to index certain of their public records.

The plaintiff contends: (1) That as a partner of the firm of the Russell Index Company he is an employee of the several counties having contracts with the Russell Index Company; and (2) that, if not such an employee, his compensation derived from the performance of these various county contracts is so intimately connected with the exercise of the sovereign powers of the state that taxation by the federal government constitutes a direct interference by the federal government with a state government.

■ We must hold against the plaintiff in both these contentions. He is not an employee of any of the counties with which the Russell Index Company is under contract for indexing work. The Russell Index Company is engaged in a private enterprise, i. e., the selling of the Russell system of indexing records—and, as an incident to their business, agreed with the counties involved to index their public records from day to day under the Russell system for a period of years. The company takes on this work purely as an independent contractor. There is no actual employment of the partners of this firm personally and individually to do this indexing work. During the tax years involved, this company carried on its indexing work in some twenty or more counties in three different states. It would have been physically impossible for the partners to have personally served all the counties. Neither the firm nor its partners were employed under the direction of any public statute directing the employment by contract of persons or otherwise to index the public record; the statutes merely require the prothonotary to keep an index to the judgment docket.

The sole measure of responsibility of the Russell Index Company, therefore, is provided for and fixed by contract. Whatever may be the provision of any public statute, nothing can be asked of the Russell Company but compliance with its contract. That company has no official status nor duty as a directly employed official.

The sample contract attached to the statement of claim and offered in evidence clearly indicates that the undertaking of the Russell Company was one of a technical or professional character. It recites, first, the establishment of the Russell system of indexing the judgment docket in the prothonotary's office, and then the finding by the county commissioners, county controller, and prothonotary of the county, as well as the index committee of the County Bar Association, that the indexing service under the Russell system is of such expert nature as to require the selection of the Russell Index Company to do the indexing for the contract period. All of which clearly indicates that the Russell Company was engaged in a professional enterprise of an expert nature, and that the company contracted, in the course of its regular business as indexing experts, to furnish such expert service. The contract is not unlike a contract to sell and deliver a commodity.

■ Nor can we hold with the plaintiff that his income derived from the earnings of the Russell Index Company through the execution of its contracts with various counties in Pennsylvania, New Jersey, and West Virginia is so intimately connected with the exercise of the sovereign powers of those states that to tax that income would amount to a direct interference by the United States with the government of the states themselves. To tax the income derived from these contracts as the income of all persons engaged in private enterprise for profit is taxed would certainly not impair in any substantial manner the ability of the Russell Index Company to discharge its contractual obligations to the counties concerned; nor would it impair in any substantial manner the ability of the counties to procure the services of private individuals to do its indexing work.

Under the authority of Metcalf & Eddy v. Mitchell, 269 U. S. 514, 46 S. Ct. 172, 70 L. Ed. 384, we therefore conclude that the tax collected from the plaintiff was not illegally exacted, and that he cannot recover in this case. It might be noted that the principles announced in Metcalf & Eddy v. Mitchell, supra, were recently reaffirmed by the Su-

preme Court in Lucas v. Reed (May 5, 1930) 281 U. S. 699, 50 S. Ct. 352, 74 L. Ed. 1125, and in Lucas v. Howard, 280 U. S. 526, 50 S. Ct. 87, 74 L. Ed. 593, in per curiam opinions reversing the Third [34 F.(2d) 263] and Fifth [29 F.(2d) 895] Circuit Courts of Appeals on the authority of Metcalf & Eddy v. Mitchell. It might be noted also that Blair v. Mathews (C. C. A.) 29 F.(2d) 892, cited by plaintiff as sustaining his case, was apparently overruled in the case of Lucas v. Howard, supra, as the Fifth Circuit Court of Appeals ruled the Howard Case on the authority of its own prior decision in the case of Blair v. Mathews, supra.