**RUSSELL v. HEINER, Collector of Internal Revenue.**

No. 4563.

Circuit Court of Appeals, Third Circuit.

Dec. 14, 1931.

Harvey M. Aronson, Wm. W. Booth, and Smith, Shaw, McClay & Seifert, all of Pittsburgh, Pa., for appellant.

Louis E. Graham, U. S. Atty., and John A. McCann, Sp. Atty., Bureau of Internal Revenue, both of Pittsburgh, Pa.· (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Ralph E. Updike, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for appellee.

Before BUFFINGTON, WOOLLEY and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge.

With the approval of the Court of Common Pleas and the County Commissioners of Allegheny County in the State of Pennsylvania, the Russell Index Company, a copartnership of which the appellant taxpayer was a member, entered into a contract with the prothonotary of that county to install and, under the supervision of the prothonotary and the index committee of the local bar association, carry out the Russell system of indexing in return for $1,000 per month for a stated term. The Russell Index Company had like contracts with twenty or more counties in three states.

■ The appellant first included the compensation so received in his tax returns for the tax years in question; later filed amended returns excluding it; made a claim for refund and on its rejection brought this suit to recover taxes unlawfully assessed and collected, he says, because of his position as an employee of the county government, or, failing that, because the compensation paid him was for services so intimately

connected with the sovereign powers of the state or a political sub-division thereof that taxation of his compensation constitutes direct interference by the federal government with a state government. On both of these issues the District Court ruled against him, finding that he and his co-partners were independent contractors whose compensation for services rendered under the contract was taxable. With these conclusions we agree upon the reasoning of the learned trial judge in his opinion reported in 45 F.(2d) 872.

■ The remaining assignments charge error to the court for rejecting testimony offered by the appellant to show the nature of the services rendered and under whose control and supervision they were performed as. bearing on the issues of county employment and federal interference.

The court ruled against the appellant's tender of this evidence on the ground that the contract spoke for itself. The error of law which the appellant now says the court committed was in applying to this case the rule forbidding parol evidence to vary the terms of a written contract when, in fact, the suit is not on a contract and, therefore, is not between the parties but is between one of the parties and a stranger, a tax collector. With the cited law as to the inapplicability of the parol evidence rule in cases not between parties which prevails in some jurisdictions, Roberts v. Cauffiel, 283 Pa. 64, 128 A. 670; In re Gill's Estate, 268 Pa. 500, 112 A. 80; Simon & Sons v. Emery, 254 Pa. 569, 99 A. 78, we are not concerned, for, as we read the record, the learned trial court did not apply the parol evidence rule —indeed, it was not mentioned in the colloquies—but regarded the contract as the best, and therefore sufficient, evidence of the relation of the appellant to the county. On that relation turns the question whether he was an employee or an independent contractor and the question of federal interference with a state government.

The contract between the partnership and the prothonotary showed official authority for its execution, called for bond covering faithful performance, disclosed the character of work to be undertaken, stated under whose supervision it should be done and provided payment therefor by the county. The duties of the prothonotary are fixed by statute, of which the court took judicial notice. The contract and the statute told all that was intended to be done and definitely established the relation of the actors.

Finally, the parties stipulated that the contract was "fully carried out by the respective parties."

Had the contract been uncertain or ambiguous in showing the relation of the parties, the character of their undertakings or the work done for the taxed compensation, the evidence tendered might have been admissible. But having grounded his case on his relation to the county established by the contract, which he made a part of his statement of claim, the plaintiff could not have been permitted to prove any other or different relation than that which by his contract he himself had disclosed. If, on the other hand, he sought by parol evidence to prove the same relation as that proved by the contract, such evidence was redundant and therefore not admissible to fortify the uncontested evidence of the contract. We think the tender of evidence, however viewed, was properly denied.

The judgment is affirmed.