**[J-67-2021] [MO: Wecht, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| RAYMOND J. WHALEN, | : | No. 33 MAP 2021 |
| | : | |
| Appellee | : | Appeal from the Order of the |
| | : | Commonwealth Court at No. 45 C.D. |
| | : | 2020 dated October 27, 2020 |
| v. | : | Reversing the Order of the Public |
| | : | School Employees' Retirement |
| | : | Board at No. 2016-05 dated |
| PUBLIC SCHOOL EMPLOYEES' | : | December 6, 2019. |
| RETIREMENT BOARD, | : | |
| | : | ARGUED:  October 26, 2021 |
| Appellant | : | |

**CONCURRING OPINION**

**JUSTICE DOUGHERTY**                    **DECIDED:  December 22, 2021**

I concur in the result.  Specifically, I agree parties cannot bind the Public School Employees' Retirement Board through their private contracts to which the Board is not a party.  *See* Majority Opinion at 10.  I further agree that for a settlement payment to be "compensation" under the Retirement Code, it must have been based on a standard salary schedule.  *See id.* at 11.  I write separately, however, to address the second issue on which we granted review: the appropriate standard of review to be applied to the Board's adjudication and interpretation of the term "compensation" under the Retirement Code.

Related to the question of whether the Commonwealth Court applied the correct standard of review here, is whether that court correctly affirmed the Board's decision to

exclude certain evidence presented by appellee. In my view, the Commonwealth Court erred in this regard.

At the Board level, appellee Whalen asserted seven counterstatements of fact and sought to admit exhibits supporting his interpretation of the settlement agreement. *See* Board Opinion at 2-3. The counterstatement of facts included averments supporting his claim the $15,000 settlement payment equaled the amount he would have earned but for the District's alleged age discrimination. The proffered exhibits included a July 8, 2014 letter from John Freund, the District's attorney, which accompanied a copy of the deposit for the settlement payment and stated that payment "reflect[ed] the $15,000 pay adjustment[ and that t]his includes the new rate of pay from July 1 to September 24 based upon his new adjusted salary." Freund Letter (July 8, 2014). Appellee also produced a letter from Joe Rodriguez, the District's Finance Manager, stating it was his understanding the settlement payment "was to be considered back wages[, and] Mr. Whalen was a member of the WVW Act 93 Management Group at the time of his retirement." Rodriguez Letter (October 18, 2018). Appellee also proffered an affidavit outlining his understanding of the settlement agreement, and a copy of the discrimination charge he filed with the Pennsylvania Human Relations Commission and Equal Employment Opportunity Commission. *See* Whalen Aff., Sept. 13, 2019; Whalen Charge of Discrimination, May 25, 2011.

The Board did not accept the above-described exhibits, citing the parol evidence rule. It explained contract law governs the interpretation of settlement agreements, and when a fully integrated contract's terms are clear and unambiguous, extrinsic evidence will not be admitted to alter the express terms. *See* Board Opinion at 3-4. It further stated

the only exceptions to the parol evidence rule are in cases of fraud, accident, mistake, and when the contract is ambiguous. *See id.* at 4. Because it found none of these exceptions applied, the Board rejected appellee's extrinsic evidence. *See id.* And, without that evidence, the Board reasoned, there were no genuine issues of material fact, and no evidentiary hearing was required under 2 Pa.C.S. §504.[1] *See id.* On appeal, the Commonwealth Court agreed with the Board, reasoning it was simply interpreting a contract, and contractual interpretation is a purely legal inquiry. *See Whalen v. Pub. Sch. Emps.' Ret. Bd.*, 241 A.3d 1242, 1249 n.8 (Pa. Cmwlth. 2020).

In my view, the Commonwealth Court erred because the Board incorrectly applied the parol evidence rule in these circumstances. I agree the settlement agreement is an unambiguous, fully integrated contract. And though the parol evidence rule typically bars the use of extrinsic evidence **by the parties to a contract in order to alter that contract**, the parol evidence rule does not apply to exclude evidence regarding the duties or obligations of a stranger to the contract, such as the Board in relation to the settlement agreement here. *See, e.g., Roberts v. Cauffiel*, 128 A. 670, 671 (Pa. 1925) ("[I]t is a matter of indifference whether or not the parol evidence is offered by one of the parties to the writing; unless both parties, or their privies, are the real contestants, the rule of evidence . . . has no application."); *Commonwealth v. Contner*, 21 Pa. 266, 272 (Pa. 1853) ("But this is not a contest between the parties themselves, and the rule which excludes parol evidence does not apply to strangers."); *A. Simon & Sons v. Emery*, 99 A. 78, 79

---

[1] Section 504 provides: "[n]o adjudication of a Commonwealth agency shall be valid as to any party unless he shall have been afforded . . . an opportunity to be heard." 2 Pa.C.S. §504. Section 505 further explains that "Commonwealth agencies shall not be bound by technical rules of evidence at agency hearings, and all relevant evidence of reasonably probative value may be received." *Id.* at §505.

(Pa. 1916) ("As to strangers such rule does not apply."); *see also* 11 WILLISTON ON CONTRACTS §33:9 (4th ed.) ("The parol evidence rule is frequently held to apply only to the contracting parties and their privies and not to third persons, often referred to as strangers to the contract, . . . unless they seek to enforce rights under the contract.") (footnote omitted); *id.* ("[I]t does not follow from the parol evidence rule that the written contract between two parties, which is conclusive as to them, must necessarily be conclusive as to the proof of any rights or claims either one of them may have against a third party merely because those claims grow out of the same transaction reflected in the written contract.")

As the majority correctly notes, the Board was not a party to the contract between appellee and the District, and it therefore could not be bound by its terms. *See* Majority Opinion at 8-10. This being the case, however, the Board, as a stranger to the settlement agreement, should not have applied the parol evidence rule to preclude evidence pertaining to its own duties under the Retirement Code.[2]

Even considering the excluded evidence, however, I nevertheless agree with the majority's conclusion appellee failed to prove the $15,000 payment constituted "compensation" as defined under the Retirement Code. *See id.* at 10-11. That evidence (most notably, the contemporaneous letter from Attorney Freund) suggests the District's payment may have been meant as back pay and in part covered appellee's work during the 2014-2015 school year. But as the majority correctly points out, appellee never

---

[2] For this reason, I would not fault appellee for the fact the settlement agreement itself does not say when the payment was earned. *See* Majority Opinion at 11 ("[T]he agreement fails to mention when the 'salary enhancement' was earned, which makes it impossible for PSERS to treat the payment as 'compensation' even if it wanted to do so.").

produced a standard salary schedule. *See id.* at 11. I agree with the majority that "[t]his is crucial, because the Code explicitly excludes from the retirement calculation any remuneration not based on the employee's standard salary schedule." *Id.*